# REPORTS.

## CHITTENDEN COUNTY,

### January Term, 1836.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
    "   STEPHEN ROYCE,⎫
    "   SAMUEL S. PHELPS, ⎬ *Assistant Justices.*
    "   ISAAC F. REDFIELD,⎭

## EMERSON & ORVIS *vs.* JASON WASHBURN.

The plaintiff in ejectment on mortgage, when defendant obtains a decree of foreclosure and time to redeem, is entitled to take his writ of possession and *execution for costs* on the expiration of the time set for redemption and the terms of the decree not complied with.

The day of the expiration of the time set for redemption, is the day of *final* judgment; and the day following, being the first day on which plaintiff is entitled to execution, is the first of the sixty days within which plaintiff must aver a *non est inventus* return on the same in order to charge bail on mesne process.

The bail in such case are not discharged by the operation of the decree either on the ground that it extends the time more than sixty-days from the rendition of final judgment, or that the costs are merged in the decree.

This was an action of *scire facias* against bail on mesne process. The original suit was ejectment for lands mortgaged by one Guy C. Burnham, to the plaintiffs. The body of the mortgagor being attached, this defendant become bail. After judgment for the plaintiffs in the original suit against Burnham for the seizin and possession of the premises demanded, he interposed his motion under our statute for time to redeem, upon which the usual decree was made and the usual time given. After the expiration

2

CHITTENDEN,
January,
1836.

Emerson &
Orvis
vs.
Washburn.

of the year given to redeem, and no redemption, the plaintiffs, in less than thirty days, caused the writ of possession and *execution for costs*, to be put into the hands of a proper officer and a *non est inventus* to be duly returned. The declaration was drawn with usual formality. The defendant in the court below demurred generally and the plaintiffs joined.

The county court rendered judgment that the declaration is sufficient and the plaintiff recover, to which the defendant took exceptions and the question comes before this court for revision.

*Mr. Hill for defendant.*—1. In this case the *scire facias* was not issued within one year from the time of rendering the final judgment which is necessary.—Rev. Stat. p. 66, sec. 29.

2. The execution must be taken out within thirty days from the time final judgment is rendered and put into the hands of some officer proper to levy and serve the same.—Rev. Stat. p. 68, sec. 34—do. p. 87, sec. 95—do. 93, no. 8.

3. The decree includes the amount due in the condition of the mortgage deed, and the cost of suit. The court can make no other valid decree in the case.—They have got the land and that discharges the bail.—Rev. Stat. p. 80, sec. 76—do. p. 95, no. 13.

4. The judgment in the action of ejectment is satisfied by their taking the land, and if they prove any further claim they must sue Burnham, and cannot pursue the bail.—3d Vt. R. 581.

*Mr. Maeck for plaintiff.*—The declaration being demurred to generally, the only question is, whether it sets forth in substance a good cause of action against the defendant. It is believed that the defendant can raise but two objections of any plausibility against the plaintiff's action. 1. That the execution did not in fact issue within thirty days from the time judgment was actually rendered. 2. That plaintiffs having taken possession of the land, it operates as a satisfaction of the debt and costs against his principal.

The first objection might be easily answered independent of the act of 1804, Stat. p. 98. But that statute, framed for the purpose of meeting this case among others, affords a conclusive answer to the objection. This act enacts that the day on which a plaintiff shall first be entitled to his execution on a judgment in his favor, shall be deemed as the time in which judgment is rendered for the purpose of charging the bail. The act embraces this case, and the plaintiff's declaration shows he has complied with its provisions.

The second objection cannot avail the defendant.    He contends <span style="float:right">CHITTENDEN<br>*January,*<br>1836.</span> that under this statute, if the mortgagee enters by force of a writ of possession, he takes the land in full satisfaction of his debt and costs, whether it is worth more or less than the debt, or if he proceeds in the collection of the costs, it opens the decree.    Neither of these positions are well taken.    It is now well settled law that if the mortgagee enters into possession of the land by the assistance of the court it discharges the debt *pro tanto* only.

<span style="float:right">Emerson & ·<br>Orvis<br>*vs.*<br>Washburn.</span>

Even if the taking possession in this case would discharge the debt and costs, provided the land had been worth the amount, the defendant can only avail himself of such defence by plea.    Whether it was or was not worth the debt and costs is a traversable fact, and cannot be ascertained on demurrer.

If the above reasoning is correct, it is quite immaterial for the determination of this suit what may be the effect of collecting the costs.    The right is unimpaired by the effect.    But if the effect is to open the decree, it is a question of great practical importance.    We contend that we have the right to collect the costs, and if we exercise it, we do not disturb the decree.

Admitting that it might be difficult to maintain our construction of the statute, if the matter were *res integra*, still a contemporaneous and continued usage has furnished a construction which ought to prevail, especially where great mischief would follow if a different construction were to prevail.    The statute has been in operation 38 years, and our construction has received the express assent of the expounders and implied assent of the makers of the statute.—*Rogers* vs. *Goodwin*, 2 Mass. 475.—*Packard* vs. *Richardson*, 17 do. 144.—1 Swift's Dig. 13.—2 Coke's Inst. 11.—5 Cranch, 22, —— vs. *Delancey* ; and in Cranch 299, it was held that a contemporaneous exposition of the meaning of the U. S. constitution, adopted in practice and acquiesced in for 12 years, had fixed its meaning and the court refused to control it.

The mischief and inconvenience of a different interpretation of the statute would be great.    The uniform practice has been to collect the bills of costs with the writ of possession under the supposition of all parties that it was legal and did not disturb the decree. ⁊ When the construction of a statute is doubtful, arguments drawn from inconvenience will have great weight.    The same arguments will apply with greater force when the statute has once received a construction to give a different one.—3 Mass. 221.— do. 539.

CHITTENDEN,
January,
1835.

Emerson &
Orvis
vs.
Washburn.

The opinion of the court was delivered by

REDFIELD, J.—The only question to be decided in the case is, whether the liability of the bail was discharged by the operation of the decree of foreclosure in the original suit.

It is contended, that, as the decree operated to stay the execution for one year after the judgment in favor of the plaintiff, it of necessity discharged the liability of the bail. Our statute requires the plaintiff within sixty days after the rendition of *final* judgment,. to cause a return of *non est inventus* to·be regularly made upon the execution, issued upon the judgment, which execution shall be taken out and put into the hands of some proper officer· within thirty days from the rendition of judgment.

The first inquiry is, when does a judgment of the character named in the original suit, become *final*, within the fair construction of this statute. The judgment that the plaintiffs recover the seizin and possession of the land sued for, whether rendered by default or by consent, would be merely *interlocutory*, and in no sense final, unless the plaintiff waived all claim for mesne profits, which by our statute he is entitled to recover in ejectment, and the defendant waived the right to call upon the court for time to redeem. All judgments at common law and in our practice, which only fix the plaintiff's *right* to recover, but without fixing the extent of his damages, are merely interlocutory, as judgments by default or upon demurrer, or for want of a proper plea, or in proper time—or by *nihil dicit* or *non sum informatus*, when damages are to be assessed. The judgment in this case, in the first instance, was clearly of this character, and could not be in any sense treated as a final judgment until after the decree.

After the decree, the statute provides that the execution shall be stayed during the time limited, and in ˙case of payment of the sum due, the judgment "shall be vacated." It is here treated as a judgment but not a final judgment. It is one depending upon a contingency for its effect, and is no more final in its character than if the suit had been continued for assessment of damages, or passed to the supreme court under a rule that judgment shall be vacated and entered for the opposite party, if that court should consider there was error in the judgment below ; until the contingency had occurred the judgment could not become final. And we consider this judgment as merely interlocutory or conditional until the expiration of the time limited in the decree. This was the earliest time at which the plaintiffs would be entitled to an execution. And if any doubt could be entertained in regard to the views just

CHITTE·DEN,
January,
1836.

Emerson &
Orvis
vs.
Washburn.

taken of the case, the statute passed upon this subject, which provides that the *day* on which the party is first entitled to his execution, shall, for the purpose of charging bail, be considered the day of the rendition of the judgment, most manifestly both in terms and in rational construction, includes this case. So that in any view it cannot be said the plaintiffs have lost their remedy against the bail by the suspension and stay of execution.

The consideration that this stay of execution is on motion of the defendant, and that the court have no discretion, but to fix the time of redemption and order stay of execution, still more forcibly induces us to decide that the lapse of time merely does not release the bail. For if so, the defendant might always, after any amount of cost had accrued, by litigation of the suit, interpose a motion which should effectually exonerate his bail, without the consent of the plaintiff or the order of the court, which cannot be admitted.

The extreme case of the decree extending the time of redemption through a period of years, might sometimes occur. If so it would be only the chance which every man incurs who enters a court of justice, either as party or bail. The period of the final determination of matters in course of adjudication is necessarily uncertain. If one assumes the liability of bail, he does it with this reasonable expectation, and if he considers his liability more than he is willing to sustain, the law provides a ready release by committing the principal.

But it is contended that by the operation of the decree, the costs were so far merged, that the plaintiffs were not entitled to include these in their writ of possession. This is not in accordance with the contemporaneous construction of this statute, and long established practice under it. It has always been considered that the plaintiff, after the expiration of the time limited for the redemption and the terms of the decree not complied with, was entitled not only to his writ of possession, but to his execution for costs. And such has been the uniform practice, *sub silentio* perhaps, for so long a course of years, that we should not now feel at liberty to depart from it, unless the terms of the the statute clearly required such departure, in order to restore it to its legitimate operation.— *Stuart* vs. *Laird* (1 Cranch 299) 1 Pet. Cond. 316.

And from a fair construction of the statute, it does not seem to admit of much question that such was the intention of the framers. The costs are indeed to be included in the decree. For no rational construction would admit that the defendant might redeem the

CHITTENDEN,
January,
1836.

Emerson &
Orvis
vs.
Washburn.

premises and thus relieve them from the lien created by the mortgage, until the costs as well as the debt were paid.

But if no payment of the sum stated in the decree is made, what is its effect? It is not such a merger of the original cause of action as results from a judgment in a personal action upon the securities described in the condition of the mortgage. The plaintiff may or may not take possession of the land. If he do, it is only at most payment *pro tanto*, in the ratio of its value to the sum due. If the land be not of value adequate to the full payment of the debt, the plaintiff may pursue his mortgage securities and collect the difference, or if the defendant does not see fit to claim the offset of the land, it may be considered as opening the decree. But in no event is taking possession of the land under the decree payment of the sum stated, unless it appear that the land was of value sufficient for the purpose. And this must appear by showing on the part of the defendant, which is not attempted here. If the defendant had here relied upon that, it should at all even's be presented by plea.

But the court think that the legislature did not intend to put the cost on the same footing with the money secured by the mortgage. The cost accrues in consequence of defendant's neglect to surrender possession, which he is bound to do on condition broken. The decree is made at the request and for the benefit of the defendant. The costs not having accrued in consequence of the plaintiff's application to have defendant's right of redemption foreclosed, are on different grounds from costs in chancery on bill for foreclosure by mortgagee. And from every view we have no doubt the plaintiff in this case is entitled to his *scire facias* against the bail for the recovery of the costs.

The judgment of the county court is therefore affirmed.