RICHARD ALDRICH *v.* TIMOTHY MORSE.

*Statute of limitations.*

An acknowledgement of an indebtedness must, to prevent the operation of the statute of limitations, be unaccompanied with the expression of an unwillingness and refusal to pay it.

In the present case, the defendant paid one of two joint owners of the demand a specified sum for his half, saying that was all he could afford to pay, and that he would give the same for the other half, but would not give any more. *Held* insufficient to prevent the operation of the statute of limitations.

DEBT upon an allowance of commissioners, in favor of the estate of Josiah W. Rogers, against the defendant, of which estate the plaintiff was administrator, made September 8th, 1843 for $186.12. The defendant plead the statute of limitations, to which the plaintiff replied a new promise, which was traversed by the defendant. Trial by the court, June Term, 1855,—POLAND, J., presiding.

The plaintiff produced in evidence an original note of the defendant, with the allowance of the commissioners thereon, and also a discharge of one-half of the debt by Tappan Stevens, and, in reference thereto, proved the following facts.

Soon after said allowance by the commissioners, the plaintiff sold said debt at public auction, and the same was purchased by said Stevens for himself and one Keyes for the sum of twenty dollars.

On the 4th day of August, 1847, Stevens presented the claim to the defendant, when the defendant said that he intended to have attended the sale; that Rogers owed one Tibbetts a large debt, and that he furnished Tibbetts the capital, and it all came out of him; but finally proposed to the said Stevens that he would pay him what he paid, ($10,) and give him $5 for his trouble, if he would discharge his half of the claim, and said that was all he could afford to pay. Stevens accepted the offer, and thereupon wrote the endorsement or discharge which appeared on said note, At the same time the defendant told Stevens, that he would give the same amount for Keyes' half, but would not give any more; and requested Stevens to make the proposition to Keyes. Stevens afterwards told Keyes what the defendant offered to do, but Keyes refused to accept the proposition.

Upon these facts the court decided that the debt was barred by the statute of limitations, and rendered judgment for the defendant.

Exceptions by the plaintiff.

*P. Dillingham* for the plaintiff.

There can be no severance of a joint debt, so that a payment, part payment, admission of the debt, or new promise made to one, will not be equally good to the other, in taking the case out of the statute of limitations.

Here was a sufficient acknowledgement of the debt to Stevens, to take the case out of the statute. *Olcott* v. *Scales*, 3 Vt. 173.

Here was also a part payment, which would save the debt from the statute. *Strong* v. *Mc Connell*, 5 Vt. 338.

At all events, the offer to pay Keyes fifteen dollars, though accompanied by a refusal to pay more, removed the statute bar as to so much ; and for that the plaintiff should have recovered. *Phelps* v. *Stewart & Wood*, 12 Vt. 256.

*A. M. Dickey* and *L. B. Peck* for the defendant.

There was no error in the county court, for the testimony shows that the defendant would give $15 to be discharged from Keyes' half of the debt, and would give no more.

In order to take a case out of the statute of limitations, there must be an acknowledgement of the debt as still due, with an apparent willingness to remain liable for it, or, at least, without an avowed intention to the contrary. Here the defendant openly declared his determination not to pay more than the $15, saying he ought not to pay anything. *Phelps* v. *Stewart et al.*, 12 Vt. 256. *Carruth* v. *Page*, 22 Vt. 179. *Brainard* v. *Buck et als.*, 25 Vt. 573.

The opinion of the court was delivered by

ISHAM, J. This is an action of debt on an allowance of commissioners. The claim was allowed on the 8th of September, 1843, and a balance was found due from the defendant to the estate of Josiah W. Rogers, on which the plaintiff is administrator. To this claim the defendant has pleaded the statute of limitations.

The question arises, whether the statute bar has been removed by a subsequent promise to pay the debt. It appears that soon after the allowance by the commissioners, this claim, together with the effects of that estate, were sold at public auction, by the administrator, to Stevens and Keyes, for the sum of twenty dollars. Under that sale, Stevens and Keyes became the joint owners of this claim.

To avoid the statute of limitations, it was proved, that on the 4th of August, 1847, Stevens presented this claim to the defendant. The defendant then proposed to pay him what he had paid for his part of the claim, being ten dollars, and five dollars in addition for his trouble, if he would discharge his half of the debt, and said that that was all he could afford to pay. The proposal was accepted by Stevens, and on the payment of that sum by the defendant, Stevens discharged him from one-half of the claim. At the same time, the defendant told Stevens that he would give the same sum to Keyes for his half of the claim, but would not give any more, and requested Stevens to make that proposition to him. The general principle governing cases of this character, is well settled in this state. To remove the statute bar, there must not only be an acknowledgement of a subsisting debt, but it must not be accompanied with any unwillingness to pay it; for an implied promise, at least, to pay the claim, is necessary to prevent the operation of the statute. On the application of this principle to this case, it is clear that the statute bar is not removed from this claim by the transaction which took place with Stevens. The proposal to pay, and the actual payment of ten dollars, was not made under those circumstances from which a promise, express or implied, can be inferred, to pay the balance of the debt; and his statement, that that was all he could afford to pay, was an express declaration of his unwillingness to pay the remainder of the claim. The proposal to pay the same to Keyes, which Stevens was authorized to make to him, was accompanied with the declaration that he would pay no more. That cannot be considered as an acknowledgement of a subsisting indebtedness on that claim, and a willingness to pay it; every feature of the testimony rebuts such an inference. It was merely an offer to compromise the matter on those terms, accompanied with an express refusal to pay any more. As Keyes re-

fused to accept the proposal made by the defendant, the plaintiff, for his benefit, cannot recover the sum which was offered as a compromise of the matter. We think the evidence is insufficient to remove the statute bar.

The judgment of the county court is affirmed.

