GEORGE BOWKER *v.* SAMUEL T. HARRIS.

*Conditions of a valid release of a debt in consideration of its partial payment.  Statute of limitations.*

If a creditor receive from his debtor, in satisfaction of his claim, a note for a less sum, signed by the debtor and his wife, which all the parties at the time suppose is binding upon her, and such note is afterwards paid out of her separate property, it will constitue a valid discharge of the original debt.

If a debtor pay or promise to pay a part of his debt under an agreement with his creditor, that it shall be in full satisfaction of the whole claim, such payment or promise to pay will not be sufficient to prevent the operation of the statute of limitations upon the balance of the debt.

ASSUMPSIT.  This case was referred, and the referees reported the following facts:

The defendant failed in 1846, at which time he was indebted to the plaintiff to an amount exceeding one thousand dollars, for which the defendant had executed to the plaintiff three notes. Between the time of the defendant's failure and March, 1852, he and the plaintiff had various interviews in regard to the discharge of this indebtedness upon the payment of a certain *per centum* of its full amount.

In March, 1852, the plaintiff offered to pay the defendant one hundred dollars in cash, and also to give him his own note, signed by his, the defendant's wife as surety, for two hundred dollars, payable in one year with interest, in full satisfaction of the three notes held

by the plaintiff against the defendant. The plaintiff accepted this proposition, and the defendant paid him the one hundred dollars and gave him such a note as had been agreed upon, and the plaintiff thereupon surrendered to him the three notes.

The defendant's wife was the owner of some real estate, which she sold, and by her consent the defendant received the purchase money, and therewith paid the two hundred dollar note at maturity At the time of such payment, however, the defendant had other property equal in value to the amount of this note. At the time of the execution of the note by the defendant's wife, the parties supposed that it was legally binding upon her.

This action was brought to recover the balance of the original indebtedness from the defendant to the plaintiff.

The county court, at the April Term, 1857,—UNDERWOOD, J. presiding,— rendered judgment for the defendant, upon the report of the referees, to which the plaintiff excepted.

*Charles N. Davenport,* for the plaintiff.

*Flagg & Crosby* and *Hiland Hall,* for the defendant.

The opinion of the court was delivered by

BARRETT, J. The case shows that the defendant, being insolvent, and indebted to the plaintiff in the sum of about one thousand six hundred dollars, on promissory notes, by agreement with the plaintiff, in March, 1852, paid him one hundred dollars in money, and gave him a note signed by himself as principal and by his wife as surety, for two hundred dollars, payable in a year, in full for what the defendant then owed the plaintiff; and thereupon the plaintiff gave up to the defendant the said notes which he held against the defendant; and that said note for two hundred dollars was paid out of the avails of the wife's real estate, which she voluntarily appropriated to that purpose.

This suit is brought to recover the balance of that original indebtedness.

I. One ground of defence is the payment of said three hundred dollars in the manner above described, in satisfaction and discharge of said indebtedness.

Without discussing, at this point, the question, whether, upon the notes being given up, a suit could thereafter be maintained upon them, it may be premised that the rule is well settled that the mere payment of a less sum, in money, upon the agreement that the same shall be in full satisfaction and discharge of a larger money debt, constitutes no defence to an action to recover the unpaid balance.

But it is equally well settled that the doing of something besides the mere payment of money, and which the debtor was not legally bound to do, either as to the kind of payment made, or security given, which the creditor agreed to accept in full satisfaction and discharge of the debt, and in pursuance of said agreement, did accept it, does constitute a valid defence to such suit.

The law of the subject is learnedly classified, and its application to different classes of cases indicated in *Wheeler* v. *Wheeler*, 11 Vt. 67, in a manner that has thus far been satisfactory to the court, and the present court see no occasion to be dissatisfied with it. In that classification, under the second head it is said, " if a debtor contracts with one or all of his creditors to procure a friend to secure or pay, out of his own means, part, in satisfaction of a whole debt, and it is done, such creditor can never recover more, even of the debtor himself. It would be a fraud on the third person who paid for the entire release," etc.

The present case falls within the principle here announced. Though it may be true that the note for two hundred dollars could not have been enforced against the wife, still it was signed by her in good faith as surety, and in the supposition of the parties, it was valid against her, and it was in fact paid by her out of property of her own, in which the husband had no such interest or right as to render it available to the creditor of the husband. We can not regard the giving of that note, and the payment of it by the wife, otherwise than as answering to one substantial ground, on which the transaction should be held as conclusive against the right of the creditor to recover the balance of the original debt, viz : that it was procuring a payment to be made by a third person, as to whom it would be a fraud to seek to enforce payment of the balance.

II. The foregoing views of the case, render it unimportant to pass upon the question arising under the plea of the statute of lim-

Bowker *v.* Harris.

itations.   Yet as that question has been fully discussed at the bar, and as the court are unanimous in an opinion upon it, it is proper to express that opinion.

In the uncertainty which exists as to the times of the various interviews, named in the report of the referee, between the plaintiff and the defendant, prior to March, 1852, we give no heed to those interviews, and regard only what occurred in the payment of the one hundred dollars, and the giving of the note for two hundred dollars.

It is claimed by the plaintiff that this constituted such an acknowledgement of the existing indebtedness, as, within the principle of the decided cases in this state, will take this case out of the operation of the statute.

We regard the rule of law on this subject to be comprehensively, and with just discrimination, laid down in the case of *Phelps* v. *Stewart*, 12 Vt. 256.   Under that rule, in its legitimate application, we are fully of the opinion that the payment made by the defendant in this case did not operate as an acknowledgment of an existing indebtedness.   The payment was made to end the indebtedness, not as recognizing a still subsisting balance.   Both parties so understood and designed it at the time it was made.   Instead, therefore, of indicating a willingness on the part of the defendant, to stand liable for the balance claimed, the whole purpose was to end such liability.   It would be doing violence to the obvious reason and sense of the transaction, to imply from it a promise to pay.   The implication is directly the other way.

It is difficult, practically, and in point of principle, to distinguish this case from that of *Aldrich* v *Morse*, 28 Vt. 642.

In any view we are able to take of the case, we think the judgment of the county court was correct, and it is therefore affirmed.