## LORENZO SLACK v. THE TOWN OF NORWICH.

*Statute of limitations.   Record.   Evidence.   Taxes.*

The plaintiff sued the town of Norwich to recover back certain taxes paid by him, in the years 1848 to 1854 inclusive, on a school lot leased to and occupied by him, which was by statute exempt from taxation. The defendant pleaded the general issue and the statute of limitations. To the latter plea the plaintiff replied a new promise, and, to prove it, introduced in evidence a copy, from the town records, of a vote of the town, passed at an adjourned March meeting in 1855, as follows: " On motion, voted that the matter of Lorenzo Slack, relative to his having been taxed on more land than he actually possessed, be referred to the selectmen." The plaintiff then offered to prove by parol that at the same meeting a motion was made and carried in the affirmative by vote of the town, as follows: " that the matter of Lorenzo Slack against the town of Norwich, be referred to the selectmen to go to the records and find what was due Mr. Slack, and draw an order in his favor on the treasury for that amount;" *Held*, that the testimony offered was inadmissible for the reasons, first, that parol evidence of the vote offered to be proved could not be received until it was shown, either that the vote had not been recorded or that the record of it was lost or destroyed; and, second, that record evidence of a vote of a similar character, passed at the

same meeting, had already been introduced by the plaintiff, which, in the absence of proof to the contrary, would be presumed to be the same vote as that of which the parol proof was offered, and the record of the vote could not thus be varied or added to by parol.

In an action against a town to recover back the taxes paid upon land which was by statute exempt from taxation, recovery can be had only for what have been paid as *town* taxes and have gone into the town treasury.

When it is apparent that certain evidence, introduced under objection, had no effect upon the verdict, the propriety of admitting the evidence will not be considered by the supreme court.

A proposition by a debtor to his creditor to pay a specific sum in compromise of a disputed claim, fixing a definite time for its acceptance, and providing that, if not accepted within that time, it shall go for nothing, is not sufficient to prevent the operation of the statute of limitations upon the claim.

So also of a proposition, not accepted by the creditor, to pay a definite sum in settlement of a disputed claim.

ASSUMPSIT. Pleas, the general issue and statute of limitations; replication to second plea a new promise; and trial by jury, at the May Term, 1859,—REDFIELD, Ch. J., presiding.

The plaintiff claimed to recover back from the defendant certain sums of money paid by him as taxes upon a school lot leased to and occupied by him, which was by statute exempt from taxation. It appeared that in 1847 and 1852 there were assessed to the plaintiff, by the listers of Norwich, one hundred and fifty acres of land, which assessment included the school lot of fifty acres, and that the whole was appraised at thirteen dollars and twenty-five cents per acre in 1847, and at thirteen dollars per acre in 1852; that these appriasements of the school lot went into the grand list, and were continued there until the plaintiff sold in 1854; that taxes were assessed on these lists from 1848 to 1854, inclusive and that he had paid them.

The plaintiff, to prove a new promise, introduced a copy from the records of the town of Norwich, of a vote passed by the town at an adjourned March meeting in 1855, as follows: "On motion, voted that the matter of Lorenzo Slack, relative to his having been taxed on more land than he actually possessed, be referred to the selectmen." The plaintiff also offered to prove by parol that at the same meeting a motion was made and carried in the affirmative by vote of the town as follows: "that the matter

of Lorenzo Slack against the town of Norwich be referred to the selectmen to go to the records and find what was due to Mr. Slack, and draw an order in his favor on the treasury for that amount." This was objected to by the defendant, excluded by the court and the plaintiff excepted.

The plaintiff introduced a letter of the selectmen to him, (marked A) of which the following is a copy:

NORWICH, Saturday eve. Dec. 4, 1858.

"MR. LORENZO SLACK, Dear Sir: At an adjourned town meeting to-day, after hearing the report of the committee appointed last Saturday to investigate your claim against the town of Norwich and report the facts, instructed the undersigned to offer you twelve dollars and fifty-two cents to compromise and settle your claims, provided you will accept of that sum and the taxable costs to this time, and give a discharge in full. We are, therefore, ready to comply with the instructions, provided you notify us of your acceptance by nine o'clock Thursday morning next week. If we hear nothing from you on the subject we shall take it for granted that you do not accept, and that this proposition to settle will go for nothing." The plaintiff also introduced the bill presented by him, (marked B) together with an offer of the selectmen thereon. Under the decision it is unnecessary to copy the bill. The offer referred to was without date and in these words: "The selectmen will give you an order for eighteen dollars and twenty-seven cents, if that will settle the above. (Signed)

H. BURTON, for the Selectmen."

The defendant offered evidence to prove that the fifty acres was not of so great value as the other one hundred acres, and that the buildings were on the one hundred acres, for the purpose of reducing the appraisment below what it was set in the list, to which the plaintiff objected. The court admitted the testimony and the plaintiff excepted.

The plaintiff requested the court to charge the jury that the letter marked A, and the bill marked B, were evidence to be considered as tending to prove a new promise: and also that if they found that the plaintiff was entitled to recover of the defendant the amount of taxes assessed as town and highway taxes, that he is also, for the same time, entitled under the count for money

Slack *v.* Norwich.

paid, laid out and expended, to the State and school taxes; but the court refused so to instruct the jury, and did instruct them that the letter and bill, with the statement or offer of the selectmen, were not testimony tending to prove a new promise, and should not be considered by them.

The jury returned a special verdict awarding the plaintiff ten dollars and two cents damages and his costs.   They called the land, as appears by their verdict, fifty acres, and the appraisal thirteen dollars per acre.

The jury informed the court that they included in their verdict the amount of town and highway taxes paid in the years 1852, 1853 and 1854.   The court rendered judgment upon the verdict, being for all that had been paid by the plaintiff within six years of the commencement of this action, and interest from the time of payment, and refused to give judgment for any sums over paid more than six years before suit, or for sums paid on State and State school tax, which were not in the hands, and did not go for the benefit, of the defendant.   To all which the plaintiff excepted.

*R. Lund,* for the plaintiff.

*H. Burton* and *Washburn & Marsh,* for the defendant.

BARRETT, J.   The plaintiff seeks to recover for taxes paid by him from 1847 to 1854, inclusive, assessed on fifty acres of school lot, so called, which the defendant concedes was not by law subject to assessment and taxation.   Upon the issue formed upon the replication of a new promise to a plea of the statute of limitations, the plaintiff introduced in evidence a copy of the record of a vote passed at an adjourned March meeting of said town, in the year 1855, referring this matter of excessive taxation to the selectmen, no question being made as to its admissibility, or as to the instructions given to the jury in respect to it.   He also offered to prove by parol that, at the same meeting, a motion was made and passed referring this matter to the selectmen, with specific instructions to find what was due Mr. Slack, and draw an order in his favor on the treasury for that amount: which instructions were not contained in the vote as shown by said record.

This offer was objected to and rejected, to which rejection the defendant excepted.

As the case does not show that the vote thus offered to be proved was not recorded, it would seem, upon familiar principles, that this exception cannot be sustained. If it was recorded, that record was the only legitimate evidence of the vote. Parol evidence would not be admissible to prove the vote, till it had been shown that such record was lost or destroyed. But for another reason, in our opinion, that evidence was properly excluded. The plaintiff had already given record evidence of a vote which, in the absence of proof to the contrary, would be presumed to be the only vote of that meeting of a similar character on that subject. The parol evidence was not offered for the purpose of showing that *another* vote was passed, but that the vote of which the record was made was in fact different from what the record shows it, that instead of being a vote of naked reference, it was really a vote of reference, *with the special instructions* that were offered to be proved by the parol evidence. We are not referred to, nor are we cognizant of any principle or rule of law that would permit *record* evidence to be thus varied and added to by parol. The case of *Hutchinson* v. *Pratt et al.*, 11 Vt. 421, hardly countenances what is claimed in the present case. The admission of parol evidence in that case was put exclusively on the ground that there was no record of the alleged vote. In this case the plaintiff himself shows that there is a record of the vote, but he claims that said record is inaccurate, and offers the parol evidence for the purpose of superseding the record by showing the vote actually passed to have been different from what the record states. In order to have found support in the case cited, the plaintiff should have shown to the court that there was no record of that vote to be found, instead of producing and giving a record of it in evidence.

The letter of the selectmen, (marked A) written in December, 1858, does not profess to recognize any lawful claim in favor of the plaintiff. It merely proposes specific terms for the compromise of this suit, and fixes a definite time within which the proposition would be open for acceptance, closing thus : "If we hear nothing from you on the subject we shall take it for granted that

you do not accept, and this proposition to settle will go for nothing,"

Inferentially we conclude that the selectmen did not hear anything in the character of an acceptance of the proposition, and so by its terms it was to go for nothing as to the subject matter to which it related.

As the letter cannot be regarded as recognizing the existence of the debt claimed, accompanied with a willingness to remain liable for its payment, it cannot be treated as evidence of a new promise in any view. It hence becomes needless, in disposing of the exception taken to the instructions in the charge as to said letter, to discuss or decide whether the selectmen should be regarded as so the agents of the town as to bind it by an acknowledgment or a new promise in avoidance of the statute of limitations.

The paper marked B, without date, signed only by H. Burton, "for the selectmen," falls under the same rule and reason as the letter of the selectmen, above discussed.

The view, in which we are disposing of the exception taken to the charge touching these two papers, seems to be fully sustained by the case of *Aldrich* v. *Morse*, 28 Vt. 642.

As it appears that the verdict for the plaintiff was made up on the basis of the average valuation of all the land for which the plaintiff was assessed, there is no occasion to discuss the propriety of admitting evidence as to the value of said fifty acres as compared with the other part of the real estate.

As to the only other point of exception, it was expressly decided in *The Vt. Central R. R. Co.* v. *Burlington*, 28 Vt. 193, that recovery could be had of the town only for what had been paid as *town* taxes. The case of *Henry* v. *Chester*, 15 Vt., goes no further. It was only for the taxes that had gone into the town treasury that he was held entitled to recover.

It would seem that the counsel citing that case is under a misapprehension as to the force and application of the language of the opinion, which will be corrected by recurring to the point made by counsel in the brief, to which said language of the court was addressed. The point was, " that if the list was void, in the action for money had and received, the plaintiff should recover

only what the defendant could not equitably retain, that is, the part only which he should not have paid." Upon this it was held that, the list being void, the town had no lawful right to hold any money collected by way of taxes raised on said list, having reference only to the money that had gone as taxes into the town treasury.

As we see no error in the case, the judgment is affirmed.