## DOROTHY BATCHELDER v. CLARK G. BATCHELDER.

If a debtor promise to pay a part of his debt, under an agreement with his creditor that it shall be in full satisfaction of the whole claim, such promise will not be sufficient to prevent the operation of the statute of limitations upon the balance of the debt.

An unaccepted offer to pay part of a debt, the payment to be in full settlement of the whole claim, does not take a case out of the statute of limitations, even to the extent of the amount offered to be paid

Shortly before a note had run six years the payee's agent requested the payor to renew it, which he declined to do. The agent then, in accordance with his instructions, told the payor that the payee said that if he would make her a new wagon, she would give up the note. The payor replied that he would make her a wagon worth $75; could not make it then, but would next year. The agent returned the note to the payee, and told her what the payor said. There was no evidence of any further negotiation between the payee, or her agent, and the payor. *Held*, that the payor did not accept the payee's proposal, but made a new offer which had not been accepted by the payee, and therefore was not binding on the payor.

ASSUMPSIT to recover the amount of a promissory note made by the defendant, and payable to the plaintiff, on demand with interest. The plea was the general issue, with a brief statement that the cause of action did not accrue within six years.

The plaintiff relied upon a new promise, and to prove it, introduced the deposition of Samuel Currier, who testified, in substance, that shortly before the note had run six years, the plaintiff handed it to him, and requested him to ask the defendant to renew it, and if he would not, to tell him that if he would make her a wagon, she would give him up the note ; that he accordingly called on the defendant, three days before the six years had elapsed, and requested him to renew the note, but he said he believed he should not renew it ; and he then told defendant what plaintiff said, that if he would make her a new wagon, she would give up the note, and he replied that he would make her a wagon worth $75 ; could not make it then, but would next year. Witness says no more was said ; that he returned the note to plaintiff, and told her what defendant said ; that she returned no word by witness to defendant, nor did he and defendant have any further talk about it, and witness said he did not, at the time, accept the defendant's offer.

Upon this testimony, a verdict was taken for the plaintiff, for $      , with the consent of the parties, to stand as if directed by the court, with the provision that according as the opinion of the whole court may be, there shall be judgment upon the verdict, as it now is, or the same may be reduced to such sum as plaintiff ought to recover, or the verdict shall be set aside, and a general judgment entered for the defendant ; and with the further provision that if it be found that there is evidence tending to prove a new promise that would enable the plaintiff to maintain the suit, the verdict may be set aside, and a trial had.

*Barnard & Sanborn*, for plaintiff.

*Foster & Sanborn*, for defendant.

SMITH, J. Regarding the evidence in the light most favorable to

the plaintiff, there is nothing to justify a recovery of the whole debt. If the defendant promised to pay a part of the debt by making a wagon the next year, in consideration of plaintiff's giving up the note, but refused to renew the note, he did not thereby admit that the entire original demand was a subsisting debt which he was liable and willing to pay. The old debt is the consideration for the new promise, and by the practice in this State the creditor must declare on the old promise ; 11 N. H. 170 ; 43 N. H. 548 ; "but the new promise, and not the old debt, is the measure of the creditor's right." If the debtor promise to pay only a part of the debt, "the creditor can claim nothing more than the promise gives him ;" see *Wigram, V. Ch.,* in *Philips* v. *Philips,* 1 Hare 281, p. 299, quoted in 10 C. B. (N. S.) p. 750 ; *Bowker* v. *Harris,* 30 Vt. 424.

But we think there is no evidence tending to prove a new promise to pay even a part of the debt. The plaintiff's proposition relative to defendant's making a wagon, was silent as to value and time, but the law annexes the implied stipulation that the wagon was to be made within a reasonable time ; *Tyler* v. *Webster,* 43 N. H. 147 ; and, as to the value of the wagon, the plaintiff must be regarded as having offered to accept a wagon of the average value of the wagons ordinarily used by persons living in the defendant's neighborhood. What the value of a wagon of this description would be, is a question of fact for a jury ; and, according to the later decisions in this State, the question what would be a reasonable time for the making is, also, in this instance, a question for a jury, the nature of the case being "such as to exclude the application of any general principle or definite rule of law." *Tyler* v. *Webster,* 43 N. H. 147, p. 151 ; *State* v. *Plaisted,* 43 N. H. 413. See, also, *Goodall* v. *Streeter,* 16 N. H. 97.

The defendant did not in terms accept this proposal, but made an offer naming more definitely the time and value. It may be that a jury would find that the cost and time implied in the plaintiff's proposal are not substantially different from those named by the defendant, but still we think the defendant should not be regarded as accepting plaintiff's proposition. The legal construction and effect of plaintiff's proposition is : "I will give up the note if you will make a wagon of the ordinary description within a reasonable time." The defendant does not choose to enter into a contract with terms left so indefinite as to render a dispute as to their meaning not improbable. He prefers to have the value and time definitely settled by the parties at the outset, and not left open, to be decided in case of dispute by the verdict of a jury. He, therefore, offers to make a wagon of a specified value, and at a time which he names. After some hesitation we have come to the conclusion that the defendant cannot, upon the evidence, be found to have accepted the plaintiff's proposition, but must be considered as having made a new offer to plaintiff.

The defendant could not be bound by his new proposal "until the plaintiff bound herself by assenting to it." His proposal was, in effect, an offer of compromise, not binding unless accepted ; *Atwood* v. *Coburn,* 4 N. H. 315 ; *Exeter Bank* v. *Sullivan,* 6 N. H. 124, p. 133 ;

*Buckmaster* v. *Russell*, 10 C. B. (N. S.) 745 ; and in the absence of evidence that the defendant's proposal was ever accepted, his liability would be no greater than if such proposal had never been made.    Neither the plaintiff's silence, nor her omission to put the note immediately in suit, can be construed as a sufficient acceptance of the defendant's offer. However this might have been, if the defendant's offer had not involved the performance of any positive act by either himself or the plaintiff, (see *Webber* v. *Williams College*, 23 Pick. 302) it seems clear that the defendant could not reasonably be expected to make a wagon for the plaintiff the next year, unless he had a binding promise from the plaintiff to accept the wagon in exchange for the note.

*Verdict set aside.    Judgment for defendant.*