DEVEREAUX & MESERVE *v.* MORRIS C. FAIRBANKS.*

*Mortgage. Application of Payments. Effect of Levy and Set-off.*

In assumpsit on promissory notes originally given to another than plaintiffs for the purchase-money of certain premises, and secured by mortgage on the premises purchased, it appeared that after the notes were given, and after defendant had executed a second mortgage on the premises to other parties, plaintiffs brought an action against defendant to recover a debt that defendant owed them, and attached the premises. Proceedings had then been instituted for foreclosure of the second mortgage, and a decree had passed. Plaintiffs, to protect their attachment, paid the amount of that decree. Their action then proceeded to judgment, and execution was issued and levied on the premises, subject to said mortgages and defendant's right of homestead. Afterwards plaintiffs, to protect their attachment and levy, paid the notes in question, and filed a bill to foreclose the mortgage by which they were secured. Defendant, to protect his homestead, filed a cross-bill praying that the mortgage debt be apportioned between the homestead and the remainder of the premises, and the apportionment was accordingly made. Defendant thereupon redeemed the homestead, and plaintiffs took the residue of the premises under decree of foreclosure. It appeared also that the value of the residue of the premises after deduction of the homestead was greater than the sum due on the first mortgage after deduction of the sum paid to redeem the homestead. *Held,* that the notes secured by the first mortgage were to be first paid, and that as the value of the residue of the premises was greater than the sum due on the notes, the notes had been fully paid.

*Held,* also, that by the levy and set-off plaintiffs became the legal owners of the equity of redemption in the premises, in legal effect the purchasers of the premises subject to the mortgages, and that, as between them and defendant, the mortgage belonged to plaintiffs to pay.

ASSUMPSIT on three promissory notes for $100 each. Pleas, general issue, plea of the Statute of Limitations and several other special pleas that need not be stated. Trial by the court, May Term, 1878, BARRETT, J., presiding.

It appeared that the notes in question were originally given to one Lyman Mower on September 16, 1850, for certain premises in the village of Woodstock that the defendant then bought of him, and were secured by mortgage thereon. The defendant went into possession of the premises, and continued to occupy the same

*Heard at the February Term, 1879.

for a homestead.  Afterwards, but before 1847, the defendant executed another mortgage of the premises to one Prosper Merrill, who afterwards instituted proceedings to foreclose, which resulted in a decree under which the defendant's equity was to be foreclosed in June, 1874.  In January, 1874, the plaintiffs, whom the defendant then owed, brought an action to recover their debt, attached the premises, and in the following December recovered judgment.  On June 1, the plaintiffs, to protect their rights under their attachment paid the amount of Merrill's decree.  On April 5, 1875, the plaintiffs levied execution, which had been issued on their judgment, on the premises subject to said mortgages and to the defendant's right of homestead.  Mower's attorney thereupon informed the plaintiffs' attorney that Mower would foreclose his mortgage, if it was not paid, whereupon the plaintiffs, to protect their rights under the lien created by their attachment and levy, sent their attorney to pay said mortgage, and requested an assignment of the mortgage and the mortgage notes.  Mower's attorney replied that Mower had instructed him not to make a written assignment, but that he supposed the plaintiffs had a right by reason of their interest under their attachment, &c., to pay the notes, and that if they saw fit to do so he should take the money.  The plaintiffs' attorney thereupon paid the sum due on said notes solely to protect the plaintiffs' said rights, and not with an intent to cause the defendant's liability thereon to be discharged, but supposing that his liability would remain.  Mower's attorney then indorsed the sum so paid on said notes as " full payment," and delivered the notes and mortgage to the plaintiffs' attorney, he taking and retaining them without regarding the indorsement as affecting the defendant's liability.  The plaintiffs afterwards filed a petition to foreclose the Mower mortgage, and the defendant filed a cross-bill for the purpose of procuring the mortgage debt to be apportioned between the homestead and the rest of the premises.  Such proceedings were thereupon had that in December, 1877, it was decreed that the defendant's homestead was in equity chargeable with the payment of the Mower mortgage in the proportion of the value of the homestead to the value of the entire premises, and that the defendant should pay that sum, which was ascertained

to be $117.42, with $52.86 costs, or be foreclosed.   On March 5, 1878, the defendant paid those sums, and the former sum was indorsed on the notes in suit.   Certain questions relative to the defense of the Statute of Limitations were made on trial, but they are not relevant to the points decided, and are not stated.   Other facts relative to the value of the mortgaged premises and to the sum due on the notes in suit, are stated in the opinion of the court.

The court adjudged the defendant liable for the sum due on the notes after deducting the payment made by the defendant under the decree on the Mower mortgage; to which the defendant excepted.

*W. E. Johnson* and *French & Southgate*, for the defendant, cited 1 Hilliard Mort. 521, 522; *Gardner* v. *Astor*, 3 Johns. Ch. 53; *Klock* v. *Cronkhite*, 1 Hill, 107; *Freeman* v. *Paul*, 3 Greenl. 260; *James* v. *Morey*, 2 Cow. 246.

*Norman Paul*, for the plaintiffs.

The issues were issues of fact, and the judgment is conclusive, unless it involves some error of law.     *Card* v. *Sargent*, 15 Vt. 393; *Pomfret* v. *Barnard*, 44 Vt. 527, and cases *passim*.

Where on foreclosure the mortgage security is found to be insufficient, an action at law may be brought on the mortgage notes for the unpaid balance.   4 Kent Com. 216; 1 Washb. Real Prop. 591; *Lovell* v. *Leland*, 3 Vt. 581; *Paris* v. *Hulett*, 26 Vt. 308.

The claim that the notes were once secured by mortgage is no defense.   *Searle* v. *Chapman*, 4 Am. Law Times, 386; *Gibson* v. *Crehore*, 5 Pick. 145; *McCabe* v. *Bellows*, 7 Gray, 148.

The opinion of the court was delivered by

Ross, J.   From the facts found by the County Court it appears that the notes on which recovery is sought, were secured by the Mower mortgage.   The plaintiffs attached and levied upon the premises covered by that mortgage, and, to protect the attachment and levy, paid the notes, and then brought a bill to foreclose the mortgage.   In the premises covered by the mortgage the defendant had a homestead, to protect which against the foreclosure, he

brought a cross-bill to have the debt secured by the mortgage apportioned between the homestead and the balance of the premises, and it was so apportioned. He thereupon redeemed the homestead, and the plaintiffs took the remainder of the premises by the foreclosure. This operated as a payment of the debt secured by the Mower mortgage, if the value of the remainder of the premises was sufficient to pay the balance due upon the mortgage. In 2 Hilliard Mortgages, 202, it is said : "The principle is well settled upon this subject, that foreclosure pays or extinguishes the mortgage debt to the extent of the value of the property." To the same effect are the decisions of this court. *Lovell* v. *Leland*, 3 Vt. 581 ; *Thomas* v. *Warner*, 15 Vt. 110, 113 ; *Woodstock Bank* v. *Lamson*, 36 Vt. 118, 122 ; *Emerson* v. *Washburn*, 8 Vt. 9, 14 ; *Paris* v. *Hulett*, 26 Vt. 308. It appears, and is conceded, that the residue of the premises above the homestead was of greater value than the residue due on the Mower mortgage above what was received for the redemption of the homestead ; but it is claimed, that the residue of the premises was not of sufficient value to pay the balance due on the Mower mortgage, and what was then due on the Merrill mortgage. The debt secured by the Mower mortgage, as against the Merrill mortgage, had the prior right of payment, even to the exhaustion of the entire mortgage security. Hence, the debt secured by the Mower mortgage, on its foreclosure becoming absolute, must be held to be paid and satisfied in full, whatever may be the result as to the debt secured by the Merrill mortgage. Such being the legal effect of the foreclosure of the Mower mortgage by the plaintiffs, the defendant is no longer indebted to them on the notes in suit, and they furnish no cause of action against him. On this ground alone, without considering whether the debt secured by the Mower mortgage is barred by the Statute of Limitations, the judgment of the County Court must be reversed, and judgment rendered for the defendant.

The facts of the case as stated in the exceptions also furnish another complete defense to the action, whether predicated upon the notes secured by the Mower mortgage or the Merrill mortgage. When the plaintiffs levied upon and set off the defendant's equity of redemption in the premises covered by the mortgages,

in satisfaction, in whole or in part, of his judgment at law, in accordance with the provisions of the statute, to ascertain the value of such equity of redemption the premises were appraised at their value in money, the amount due on the mortgages ascertained and taken from such appraised value, and only the balance set off and applied in satisfaction of the judgment. By such levy and set-off the plaintiffs became the legal owners of the equity of redemption in the premises at such appraisal. In legal effect, they became the purchasers of the premises at the appraised value, and were allowed for paying the mortgages thereon. As between the plaintiffs and the defendant, the mortgage debts appraised as resting on the premises, belonged to the plaintiffs to pay. The defendant thereafter was divested of all right or interest in the premises. If the premises rose in value, the defendant could not avail himself of it, nor, if they depreciated and their value became less than the amount due on the mortgages, did the defendant thereby become indebted to the plaintiffs for such difference. If the plaintiffs elected to pay the mortgage debts, rather than allow the premises to go in satisfaction of them, they paid their own debt, as between them and defendant ; and such payment did not make the defendant their debtor. It is said their levy and set-off of the premises has been set aside for informality or irregularity, but this does not appear from the exceptions. If the levy and set-off have been vacated, it is not apparent how that fact could change the payment of the mortgages under and in protection of the levy and set-off, which, at the time it was made, created no debt in their favor against the defendant, into such a debt, so long as they continue to hold the premises set-off under the mortgages. No doubt, if the defendant, on the vacation of the levy and set-off, should attempt to regain possession of the premises, equity would keep the mortgage debts thus paid on foot ; and he would be compelled to redeem the mortgages, before he would be allowed to avail himself of such equity of redemption. But as the exceptions do not show the vacation of the levy and set-off, it is premature to decide what would be its effect in the premises. On the facts stated in the exceptions the payment of the debts

secured by the Mower and by the Merrill mortgage created no debt against the defendant.

Whether the payment of a portion of the debt secured by the Mower mortgage by the defendant for the sole and special purpose of saving his homestead from being foreclosed, can be considered an acknowledgment of, and a willingness on his part to pay, the balance of that debt, is, to say the least, extremely doubtful. See *Aldrich* v. *Morse*, 28 Vt. 642; *Slack* v. *Norwich*, 32 Vt. 818; *Bowker* v. *Harris*, 30 Vt. 424; *Goodwin* v. *Buzzell*, 35 Vt. 9. On the other grounds already stated, the judgment of the County Court is reversed, and judgment rendered for the defendant to recover his costs.