## SOWLES v. WITTERS et al.

### (Circuit Court, D. Vermont. March 11, 1893.)

MORTGAGES—FORECLOSURE—EXTINGUISHMENT.

An executor holding two mortgages, with condition broken, on Vermont lands, took another mortgage of the same and other lands, individually, upon an agreement that the original mortgages should remain in force until the new mortgage was paid. Subsequently he foreclosed the last mortgage, and, after expiration of the time of redemption, took possession. *Held*, that this operated as a purchase of the land in satisfaction of the debt, and extinguished the original mortgages.

In Equity. Bill by Edward A. Sowles, executor, etc., against Chester W. Witters, receiver of the First National Bank of St. Albans, and George Bremmer, to foreclose certain mortgages. Decree dismissing bill.

Edward A. Sowles and Henry A. Burt, for orator.
Chester W. Witters, pro se.

WHEELER, District Judge. The orator, as executor, held two mortgages against the defendant Bremmer, with condition broken. Thereupon the mortgagor made another mortgage, of the same and other lands, for the same amount, with extended times of payment to the orator, individually. He foreclosed the latter, and, after the time of redemption expired, took possession. After that he mortgaged the whole to the First National Bank of St. Albans. The defendant Witters, as receiver, has foreclosed this mortgage, and the time of redemption has expired. This bill is brought to foreclose the two original mortgages, alleging an agreement between the orator and the mortgagor, at the time of the making of the second mortgage, that the original mortgages should not be discharged, but should remain in force until the second should be paid, and that, as fast as the principal and interest should be paid on the latter, the same should apply, and be payment upon the former, and that the mortgage to the bank was given upon individual indebtedness of the orator, with notice of the origin of the property.

A decree of foreclosure, with expiration of the time of redemption and possession, operates as a purchase of the estate in satisfaction of the debt. Lovell v. Leland, 3 Vt. 581; Paris v. Hulett, 26 Vt. 308; Devereaux v. Fairbanks, 52 Vt. 587. Thus the whole estate of the mortgagor, by the proceedings upon the orator's mortgage, passed to the orator, individually. The original mortgages were personal assets in the hands of the executor, and could be collected, assigned, or disposed of, as such, by him. R. L. Vt. § 2150; Collamer v. Langdon, 29 Vt. 32. When he converted the mortgages to his own use, he became chargeable for them, as for other personal assets. He

was, in effect, charged with them, by being ordered to pay legacies to a much larger amount, and exonerated from such charge by the residuary legatee. Sowles v. Witters, 39 Fed. Rep. 403; Sowles v. Bank, 54 Fed. Rep. 564. No estate was left in the original mortgagor, for the original mortgages to operate upon. It went in execution of the agreement, if made, by paying the second mortgage, and, according to the terms of the agreement, pro tanto, the original mortgages. Bill dismissed.