### JOHN B. LOVELL *vs.* SIMEON LELAND.

A mortgagee, having obtained a decree of foreclosure, and appropriated the mortgaged estate to himself, divested of any equity of redemption, is considered as a purchaser of the estate, in satisfaction of his debt, if the value be equal to, or exceed, the amount ascertained to be due by the decree ; or, if the value of the estate does not amount to that sum, then in satisfaction of so much of his debt as the mortgaged estate was worth at the time the right of redemption expired.

The mortgagee, after a decree of foreclosure, can maintain an action at law on the bond, note, &c., secured by the mortgage, *only* in those cases where the security is insufficient, and to recover the difference between the value of the estate and the sum due.

*Semble*, That when such action is brought, the foreclosure is opened, and the mort. gagor will be allowed, on application to the Court, to redeem the premises mortgaged by paying the full amount of the debt and cost ; and that the mortgagee, when he brings the action, should have it in his power to reconvey the mortgaged estate.

This was an action of *assumpsit* on a promissory note, executed by the defendant to the plaintiff, dated June 17, 1820, for

$400, payable in three years from the 1st day of November next after date. Plea, *general issue.*

It appeared on the trial in the county court that the note in question, together with four others, was secured by a mortgage on certain real estate in Weston in the county of Windsor. Before the note in question became due, the plaintiff assigned the mortgage and notes to Ichabod Onion, who afterwards brought a bill to foreclose the equity of redemption of the mortgaged premises, and in June, 1824, obtained a decree of foreclosure against the defendant, embracing two of the notes, only, but not the one in question, (the two others having been previously paid and taken up.) By the decree, the defendant was required to pay the sum ascertained to be due on the two notes, to wit, $866,11, by the first day of April, 1825, or be forever foreclosed of all equity of redemption in and to the said mortgaged premises. The defendant having neglected to pay said sum according to the decree, the said Onion entered into quiet possession of the premises mortgaged, and had ever since kept possession thereof. It also appeared that said premises were, on the first day of April, 1825, of greater value than the sum due on said mortgage, including interest and cost. The plaintiff objected to the admission of evidence to prove the foregoing facts ; but the objection was overruled, and the evidence admitted to go to the jury, who returned a verdict for the defendant.

The plaintiff excepted, &c., and the case was reserved for the opinion of this Court.

After argument,

WILLIAMS, J., *delivered the opinion of the Court.*—The questions which are embraced in the consideration of this case are of very great importance in this state. They have been fully investigated and very ably argued. We have endeavoured to bestow upon them all the consideration which their importance merits, sensible that a decision either way will conflict with opinions which have at different times been entertained in this state, and with decisions which have been made in different states.

It is contended by the plaintiff that, from the facts which were proved in this case, he ought not to be precluded from pursuing at law for the debt mentioned in the condition of the mortgage deed ; that the decree of foreclosure obtained by Onion, his assignee, cannot operate as a satisfaction, either in whole, or in part, of the debt due to him from the defendant ; that he may sue for,

Addison,
January,
1831.

Lovell
vs.
Leland.

and collect in the ordinary way, all the notes executed by the defendant which were secured by the mortgage, and that the only effect of *thus* prosecuting a suit on the notes, is to open the foreclosure. If this is correct, the absolute estate which Onion had in the mortgaged premises has been defeated, and is now an estate upon condition. If this doctrine is recognized, it renders the decree of no force or effect as to the mortgagee, and gives him every advantage, while it must be considered as conclusive upon the mortgagor. Thus, the mortgagee may appropriate to his own use, and become the absolute owner of the estate mortgaged. If it rises in value, the benefit is his; while on the other hand, if from any cause whatever it should depreciate in value, although it may once have been an ample and adequate satisfaction of the debt, he may call upon the mortgagor, compel him to pay the debt, and take back the property mortgaged at its depreciated value, notwithstanding any inconvenience or injury he may sustain arising from the lapse of time, or an alteration of his business or residence. It is certainly worthy of consideration whether any such principle has been established, and whether so flagrant an injustice is sanctioned by the law.

In Connecticut it has always been considered that a decree of foreclosure, and a possession taken in consequence thereof, was by operation of law, an extinguishment of the mortgage debt. In the case of *Derby Bank* vs. *Landon*, (3 *Conn.* 62,) this was recognized as the established law in that state, confirmed by repeated decisions. In this state it was once so considered; and when *Chief Justice Tyler* presided in this Court, I remember his directing, when a decree of foreclosure was made, that the notes should be left with the clerk, observing that the debt was satisfied by the decree. Afterwards the opinion of the profession changed, and was conformable to the views taken in this case by the plaintiff's counsel, though I do not know that the question was ever presented to the consideration of the Court, except in the case of *Strong* vs. *Strong*, (2 *Aiken*, 373.) Indeed, so general was this opinion, that when the question was first raised in this case in the county court, I thought it did not admit of a doubt that the plaintiff was entitled to a judgement for the amount of his note. I became convinced, however, on examination, that my previous opinion was not well founded, and the county court were well agreed in making the decision in this case which we are now reviewing. On an examination of the authorities we have all come to the conclusion that there was no foundation for the opinion which

ADDISON.
January,
1831.

Lovell
vs.
Leland.

has heretofore been entertained; but, on the contrary, that the authorities establish this position, that a decree of foreclosure, and a possession taken, is a satisfaction of the debt to the amount of the value of the premises mortgaged, at the period when the right of the mortgagor was extinguished, and, of course, that it is a full satisfaction of the debt, when the mortgaged premises are of greater value than the debt. And although it is laid down that an action may be commenced on the bond, &c., after the decree, yet it is only where the security is insufficient, and to recover the difference between the value of the estate and the sum due.

*Powell* in his treatise on mortgages, (page 1077,) says, that if a mortgagee, after having got a decree to foreclose, which is signed and enrolled, bring an action of debt on the bond given at the same time for the payment of the money and performance of the covenants of the mortgage deed, such, action will open the foreclosure, and let in the equity of redemption of the mortgagor; and he refers to the case of *Dashwood* vs. *Blythway*, (1 *Eq. ca. abr.* 371.) From this case it has been inferred that a mortgagee *might* in *every* case bring an action at law for the debt mentioned in the condition of the mortgage deed, and recover the whole amount without regard to the decree of foreclosure, and without being in any way affected by it.

There was nothing in the decision of that case, if I am correct in supposing it to be the same which is reported in *Mosely*, as I shall shortly notice, which would warrant the doctrine laid down by *Powell*, or in *Eq. ca. abr.*; and it must have been an inference of the reporter from the argument of counsel. The case of *Dashwood* vs. *Blythway*, in *Equity cases abridged*, is marked with an asterisk, as not to be found in the Reports before published. It appears to have been decided at the Rolls, Trin. term, 1729. At the same term, and upon the same subject, a case was decided at the Rolls, reported in *Mosely's Chancery Reports*, 196, by the name of *Dashwood* vs. *Bithazy*, which is unquestionably the same case that is found in *Eq. ca. abr.* From the report in *Mosely* it appears that the bill was for a foreclosure, and the solicitor general for the plaintiff prayed for a sale of the mortgaged premises instead of a foreclosure, because the security was defective; and urged as a reason for such a decree, that if they should afterwards sue the defendant on his bond, that would open the foreclosure; and he insisted that such decrees were usual. The master of the Rolls, however, did not recognize this as a common practice, but said it was usual, when the security was defective, to refer to a

ADDISON.
January,
1831.

Lovell
vs.
Leland.

master to set a valuation on the estate, and for the plaintiff to take it *pro tanto* ; and he referred to two cases, *viz.* *Hornsden* vs. *Pilby*, and *Nosworthy* vs. *Sargeant Maynard.* He however decreed a sale on the authority of the latter case. Now, it is not admitted in this case, that after a decree of foreclosure the creditor may sue on his bond and recover the whole amount. The object of the solicitor general for the plaintiff was to obtain a sale under a decree of the court, that he might then proceed at law for the balance, without the defendants being let in to redeem. The master of the Rolls was of opinion that a valuation should be set on the estate by a master, and the plaintiff take it for so much. The object which each had in view was, to apply the mortgaged premises in part satisfaction of the debt, the security being defective, and the master of the Rolls evidently considered a decree as a satisfaction to the amount for which it was taken. From this case I should infer that, although the practice was not fully settled as to the effect of a decree of foreclosure, yet the understanding was that the mortgagee might, when his security was insufficient, proceed at law for the difference between the debt and the value of the mortgaged premises, which was to be ascertained either by a sale or by a valuation affixed by a master. *Birch's case,* (*Gilbert's Reports in Equity,*186,) appears to establish the same principle, and goes further, *viz.,* that unless there was a deficiency, the mortgagee had no further remedy on his bond. Notwithstanding these cases recognize the right of the mortgagee to proceed on his bond for the deficiency after a sale, it appears it was considered for a long time, that the mortgagee, taking the estate to himself, took it in satisfaction of his debt, and could no longer regard it as a mortgage. *Sir Samuel Romilly* expresses this opinion in arguing the case of *Perry* vs. *Barker* ; and the bill in the case of *Tooke* vs. *Hartley,* reported in 2 *Brown's C. C.* 125, and in *Dickens,* 725, was brought evidently on the supposition, that the mortgagee, by obtaining a decree of foreclosure which had become absolute, had made his election to take the pledge in satisfaction of the debt, and thereby relinquished his personal remedies. *Mr. Mansfield,* who was for the plaintiff, thought it was an ordinary case of that character ; and *Lord Thurlow,* considering it as a new case, granted the injunction upon terms, though his opinion was that the creditor might proceed at law. *Chancellor Kent* says, that the general understanding formerly was, that the mortgagee, by taking the pledge to himself, took it in satisfaction of the debt.—4 *Kent's Com.* 175. And in *Dickens'* report of

YYY

ADDISON,
January,
1831.

Lovell
vs.
Leland.

the case of *Tooke* vs. ———, *Lord Thurlow* was understood to have expressed himself to that effect. And although in this latter report the opinion of *Lord Thurlow* was mistaken, yet it shows that the opinions of the profession were not settled upon this subject at that time.

The case of *Tooke* vs. *Hartley*, however, appears to have determined that the mortgagee might proceed at law upon his bond, notwithstanding his having obtained a decree of foreclosure; but it will be observed, that in that case, the suit, which it was the object of the bill to enjoin, was to recover the sum only for which the mortgaged premises on, sale had proved deficient. *Mr. Maddock*, who was of counsel for the defendant in the bill, contended only that he was entitled to proceed on the bond for what the pledge proved deficient to pay; and relied on the authority of *Dashwood* vs. *Blithway*, in *Eq. ca. ab.* as an authority to that effect. There is evidently a difference in the report of the case of *Tooke* vs. *Hartley*, in *Brown* and in *Dickens*, but notwithstanding the opinion which was attributed to the chancellor by the latter reporter, yet we learn from *Lord Eldon* and *Sir Samuel Romilly*, (8 *Ves. jun.* 531, and 13 *Ves. jun.* 203,) the opinion of *Lord Thurlow* was, that whether the estate was sold to a stranger, or remained in the possession of the mortgagee, there was no distinction; but an action might be brought for the difference.

The case of *Perry* vs. *Barker*, which is reported in 8 *Ves. jun.* 527, and 13 *Ves. jun.* 198, was a bill to restrain a mortgagee from proceeding at law upon his bond, after a decree of foreclosure and sale, for the balance of the debt which was not raised from the sale. In these cases the principle doubts were as to the effect of the suit upon the decree, and whether in consequence thereof, the mortgagor was at liberty to redeem. *Lord Chancellor Erskine*, while he admitted as a general rule, that if the security was scanty, the mortgagee might proceed at law to recover the difference, and that in such case he should give the mortgagor an opportunity to redeem, yet, under the circumstances of that case, he continued the injunction which had been granted by *Lord Eldon*. On this case it may be remarked, that granting the injunction shows most conclusively that the mortgagee may not in all cases proceed at law for the difference; much less can he proceed for the whole debt as has been here contended.

In the case of *Hatch* vs. *White*, 2 *Gallison*, 152, the whole of this subject was much considered by *Judge Story*. It was

ADDISON,
January,
1831.

Lovell
vs.
Leland.

there centended that the foreclosure of the mortgage was a satisfaction of the debt; and he came to the conclusion, that though it was not a satisfaction of the debt, if not of that value, yet he says, it is a satisfaction to the value of the estate at the time of the actual extinction of the equity of redemption; and he says expressly, that if an estate after foreclosure should become " materially lessened in value, the loss has never been considered the mortgagor's." The cases of *Amory* vs. *Fairbanks and others*, 3 *Mass. Rep.* 562, and *Dunckly* vs. *Van Buren*, 3 *Johns. Ch. Rep.* 330, are both to the same effect.

I have been thus particular in examining the cases on this subject which have been reported, because the general impression has been that the law was different. We are all fully convinced there are no authorities which support the position contended for, that a mortgagee may at any time after foreclosure commence an action at law and recover the whole amount secured by the mortgage, and that the only effect is to let the debtor in to redeem; but we think that the practice formerly was, when the security was defective, to decree a sale of the mortgaged premises, and apply the avails in discharge of the debt, or to refer it to a master to ascertain the value of the estate; and if less than the debt, for the mortgagee to take it *pro tanto*, leaving the mortgagee, in either case, at liberty to proceed at law for the balance; that if the foreclosure was taken for the whole sum, it was considered for some time as a satisfaction of the debt. Afterwards it was considered that after a foreclosure and sale by the mortgagee, he might, agreeably to the authority of *Tooke* vs. *Hartley*, proceed at law for the amount due on the mortgage not satisfied by the sale ; or, if the premises remained with the mortgagee, he might, according to the authority of the same case, as understood by *Lord Eldon* and *Sir Samuel Romilly*, still proceed for the difference between the value of the estate at the time of the extinction of the equity of redemption, and the sum due on the mortgage; and that this difference might be ascertained by an estimate of the value, to be made as in all other cases, where property passes from one to another, without any agreement as to the value. And as the result of this examination, we decide, that a mortgagee having obtained a decree of foreclosure, and appropriated the mortgaged estate to himself, divested of any equity of redemption, must be considered as a purchaser of the estate, in satisfaction of his debt, if the value exceeds the amount ascertained to be due by the decree; or, if the value does not amount to that sum, in satisfaction of so

much of his debt as the mortgaged estate was worth in cash at the time the right of redemption given by the decree expired. The jury having found that the value of these mortgaged premises were of greater value than the principal, interest and cost due on the decree, when the time for redemption expired, the note on which this suit was brought, agreeably to the views here expressed, was satisfied in full.

The question, whether an action at law for the difference shall be considered as opening the foreclosure, has been brought to our notice in the course of the argument of this case, and although it is not directly involved in the decision, yet it was necessarily considered in investigating the question whether a decree of foreclosure was, or was not, a bar to any further proceedings at law. The cases of *Dashwood* vs. *Blythway* and *Perry* vs. *Barker,* expressly recognize, that if such action is brought the foreclosure will be opened, and in the latter case it was intimated that time might be given to the mortgagee to get the estate back if he had sold it. It is certainly highly reasonable that if the mortgagee, after having foreclosed the mortgage, is not content with the satisfaction obtained, and seeks to recover a further sum, that the mortgagor should have the privilege, by paying the full amount of the debt, to receive back the mortgaged estate, if he places a higher estimate upon its value. And when such action is brought, the mortgagee should have it in his power to reconvey on receiving the whole amount of his debt. I should think, however, that commencing an action does not, of itself, destroy the effect of the decree of foreclosure. On the commencement of the action, the mortgagor may be entitled to bring his bill for a redemption, and, by paying the whole amount due, have his land reconveyed ; but if he does not so elect, and a judgement is rendered for the difference, only, between the estimated value of the estate and the debt, there would be no equity in allowing him to redeem thereafter. But inasmuch as the decision of the question is not necessary to the decision of the case, it must be left for future adjudication.

We are not unaware that the decision in this case may be considered as overruling the decision made in the case of *Strong* vs. *Strong*, before mentioned ; and this has been pressed in the argument. On examining that case, it will be found, that although the effect of a foreclosure was a point made, and, of course, decided, yet it was not the principal point, nor one on which much stress was laid. The only authority relied on was the one from Con-

Addison,
January,
1831.

Lovell
vs.
Leland.

necticut, and this was opposed by the general impression which had prevailed in this state.    The other point which was decided in that case was the important one, which occupied the attention of the court and bar almost exclusively.    Although I was present at the argument and decision of that case, and it was one which attracted my attention, yet it was forgotten by me that this question was ever made or decided ; and it was not noticed to me at the trial of this cause in the county court.    It is evident the point was not much considered or investigated, but was lost sight of in the important question which was the principal one in that case. We should have less reluctance, therefore, in overruling that authority if it was necessary on the decision of this case.

But it may well be questioned whether the authority of that case may not stand good as not conflicting with this case.    The foreclosure which was relied on in *Strong* vs. *Strong*, as a satisfaction, was obtained under our statute on the application of the defendant after judgement against him in an action of ejectment.    A mortgagee institutes his action of ejectment to be let into possession, and, in this way, to receive the benefit of his security.    In no other way can he receive the rents and profits ; and this he may desire to do when he does not intend to foreclose his mort-gage.    By the 76th section of the judiciary act, a privilege is given to the defendant in an action instituted against him by the mortgagee, after a judgement is rendered against him for the possession, to have execution of this judgement stayed on his application ; and after ascertaining the sum which is due on the mortgage, together with the cost, if he pays that sum by a time limited by the court, the judgement is vacated ; and if he does not pay that sum by the time, it is declared by the statute that the plaintiff mortgagee shall hold the land freed and discharged of all right and equity of redemption.    As this action of ejectment is not instituted by the mortgagee for the purpose of foreclosing the equity of redemption, but only for the purpose of availing himself of the benefit of his pledge by being let into possession, and as the application, and decree, and order thereon, are made at the instance, and for the benefit of the mortgagor, and the mortgagee is thereby prevented from going into possession, possibly no other effect can, or ought to be given to this proceeding, as it respects the mortgagee, than is given by the statute, *viz.* to foreclose the right of the mortgagor, leaving the mortgagee to pursue his remedies in the same manner as he would have been entitled to, if no such application had been made by the defendant.    As the cred-

<div style="float:left">Addison,<br>January,<br>1831.<br><br>Lovell<br>vs.<br>Leland.</div>

itor does not sue for a foreclosure, but only for possession, he stands upon different ground than he does when he brings his bill in chancery for the very purpose of extinguishing all his debtor's interest in the mortgaged estate. In the one case he compels the foreclosure, in the other it is forced upon him. This view of the case is taken by one of my brethren; whether it is tenable can be decided when a case similar to the one of *Strong* vs. *Strong*, shall be again presented to the consideration of the court.

The judgement of the county court is affirmed.

*Woodbridge & Phelps*, for plaintiff.

*S. H. Hodges & Bates*, for defendant.