### Harvey Paris *v.* Orson G. Hulett.

*Principal & Surety. Foreclosure, by bill in Chancery or by Eject-ment, its effect upon Mortgage notes.*

It is settled law in this state, that a decree in chancery, and an expiration of the time of redemption, and a possession taken under the decree, operates as a satisfaction of the mortgage notes, if the property is adequate for that purpose, and if not adequate, it operates as a payment *pro tanto.*

And the effect of a decree of foreclosure is the same, whether obtained upon a bill in chancery, or in an action of ejectment.

Where the surety on a note takes a mortgage from the principal debtor, conditioned that he will pay the note, and save the surety harmless, a trust is thereby created, and also an equitable *lien* on the lands for the benefit of the creditor, and the surety as mortgagee, holds the property subject to such *trust,* and equity will compel him to give the creditor the benefit of such *lien,* for the security and payment of his debt; and if the surety voluntarily assigns the mortgage for this purpose, the effect will be the same, as if the assignment had been made under a decree in chancery.

The case of *Lovell* v. *Leland,* 3 Vt. 581, considered and affirmed; and *Strong* v. *Strong,* 2 Aiken 373, modified and overruled so far as it conflicts in principle with the doctrine held in *Lovell* v. *Leland.*

Assumpsit on a promissory note. Plea, the general issue, and trial by the court, April Term, 1853,—Pierpoint, J., presiding.

On the trial, the plaintiff introduced in evidence, the note declared on, which was signed by one E. F. Clark, Orson G. Hulett, the defendant, and one Rich Weeks.

The defendant then offered testimony for the purpose of showing that this note was the proper debt of the said E. F. Clark to pay, the defendant and said Weeks being sureties only. That previous to this note being given, said Clark had mortgaged certain premises in Pawlet to one Isaac McDaniels, to secure the payment of about $1400, and had subsequently mortgaged the same, with other premises to the said Weeks, to secure certain liabilities said Weeks was under for said Clark, all of which had been discharged, except his liability on the note in suit.

That subsequent to the giving of this note, by an arrangement between said Weeks, the plaintiff, and the defendant, the said Weeks assigned and transferred his mortgage from said Clark to the plaintiff, to secure the payment of the note, upon which this suit was brought. That about the same time, the plaintiff purchased of said Isaac McDaniels, and became the owner of the mortgage from said Clark to said McDaniels, upon which he commenced a bill of foreclosure in the name of McDaniels against Clark, and at the September Term, 1851, of the court of chancery, obtained a decree of foreclosure, to expire on the 27th day of August, 1852. That at the April Term, of the Rutland county court, 1852, the plaintiff brought his action of ejectment against said E. F. Clark, founded on and for recovery of premises, described in the mortgage from said Clark to said Weeks, and obtained a judgment, after the rendition of which, the said Clark interposed his motion to redeem, and the amount due on the note in this suit was computed and reported as the amount due to the plaintiff, in that suit, and the time of redemption limited to the 15th of May, 1852; at the expiration of which time the plaintiff took out a writ of possession, and the said sum, not having been paid, the plaintiff took possession of the said premises; and that, on the 27th day of August, the decree of foreclosure on the first mortgage became absolute by the neglect of Clark to pay the amount therein decreed; and that the value of the premises thus recovered, was more than sufficient to pay the amount due on said mortgages and this note.

To this testimony the plaintiff objected, and the court excluded

the same, and rendered judgment for the plaintiff, for the amount of the note.

To all which the defendant excepted.

*C. L. Williams* and *J. B. Bromley* for defendant.

The value of the property above previous incumbrances is more than enough to pay this note. Is the plaintiff accountable for its value in or towards the satisfaction of his debt ?

Had the property been mortgaged by Clark to the plaintiff directly to secure this note, and the plaintiff possessed himself of it as he has done, there could, we apprehend, be no question as to the obligation of the plaintiff to account for it at its value. *Lovell* v. *Leland,* 3 Vt. 581.

The whole transaction was such as to place the plaintiff in the same situation as to his liability to account, as he would have been in, had the mortgage been to him directly. At the time of transferring the mortgage to the plaintiff, Weeks held it for the security of his liability on this note alone. The defendant as his co-surety had an equal equitable interest in it with him.

The plaintiff was entitled in equity to the benefit of this security for the payment of his note. *Maure* v. *Harrison,* 1 Eq. Cases Abr. 93. *Eastman* v. *Foster,* 8 Metcalf, 20.

This the plaintiff might have availed himself of or not as he chose. He did do so, and by an arrangement between all the parties interested in the security, he accepted a transfer of it, and adopted it as his own, foreclosed the mortgage in his own name, and this property is sufficient to pay his debt.

Clark has no claim upon the property, he having been foreclosed. The defendant and Weeks have no claim upon it, the debt upon which they are liable having been paid with it, as the property of their principal.

The property then is wholly and absolutely the plaintiff's, and shall he be permitted to collect its value again from this defendant ? If he cannot collect the note of Clark, the principal, he surely cannot of the defendant, who is merely Clark's surety.

*F. Potter* and *Edgerton & Allen* for plaintiff.

I. When a mortgagee brings an action of ejectment to recover possession of mortgaged premises, and the defendant applies for

time to redeem, and does not redeem, the debt secured by the mortgage is not thereby discharged. *Strong* v. *Strong*, 2 Aik. 373.

There is a difference between a foreclosure at law and in chancery. *Lovell* v. *Leland*, 3 Vt. 581.

II. In this case the foreclosure of the mortgage assigned by Weeks to the plaintiff, was for the benefit of Weeks, the plaintiff holding the same as collateral security for the payment of the note in this suit. The plaintiff is under obligation to re-assign the premises to Weeks, if he recovers the amount of the note in this suit. The plaintiff has not foreclosed the equity of redemption of Weeks in the premises. Weeks and the plaintiff stand in the relation of mortgagor and mortgagee, with respect to the premises in question. 6 Vt. 448. Brayton 163. 9 Vt. 276. 13 Vt. 341. 1 Paige Ch. R. 48.

The opinion of the court was delivered by

BENNETT, J.   Whatever may have been the previous opinion, the case of *Lovell* v. *Leland*, 3 Vt. 581, settled the doctrine that a decree in chancery and an expiration of the time of redemption, and possession taken under the decree, operated as a satisfaction of the mortgage notes, if the property was adequate for that purpose : and if not, *pro tanto.*   But it is now claimed that the principle adopted in the case of *Lovell* v. *Leland*, should be confined to cases where the decree of foreclosure is had in the court of chancery, that the case of *Lovell* v. *Leland* may stand consistently with the case of *Strong* v. *Strong*, 2 Aik. 373.   But it may be remarked, that the case in Aiken is not put upon any peculiar distinction of the effect of a decree of foreclosure, whether made in a court of chancery or in a court of law, in an action of ejectment.   The court evidently went upon the ground, that as a general principle a foreclosure of the equity of redemption was not a satisfaction of the mortgage debt, unless the mortgagee elected to treat it as such.

But this was not the principle point in the cause, and was evidently passed off without very full consideration.

We apprehend, that in principle the cases are opposed; and that there is no good ground for a distinction between them ; and for one, I think, it is as well to overrule a case, if found to be un-

sound, directly, as to do it indirectly. The effect of a decree of foreclosure must be the same, whether obtained upon a bill in chancery, or in an action of ejectment.

The only reason which occurs to me, that can be assigned for a distinction is, that in one case the primary object of the proceeding is to cut off the equity of redemption, and in the other to get possession of the mortgaged premises. But if the mortgagee elects to sue in ejectment, he knows that he gives to the mortgagor an election to surrender up the possession upon the recovery in ejectment, or to come in with his motion to redeem, and thereby suspend the writ of possession; and in such case the statute enacts, if he does not pay the sum found due, by the time fixed by the court, his equity of redemption shall be foreclosed. If the mortgagee in either case should abstain from going into possession the mortgage debt would, no doubt, not be satisfied.

But in the present case possession followed the foreclosure, and we are to take it on this bill of exceptions, that the property was ample to satisfy the debt.

But it has been said, that as the mortgage was given by Clark to Weeks to indemnify him for signing this note, as one of the co-sureties with the defendant, and by Weeks assigned to the plaintiff, and the action of ejectment brought by the plaintiff, as assignee of the mortgage, the principle will not apply, however it might be in other cases. We think that when this mortgage was executed by the principal debtor to one of the co-sureties on the note, conditioned that he would pay the note and save the surety harmless, a trust was thereby created, and also an equitable lien on the lands for the benefit of the plaintiff, and that the surety as mortgagee held the property subject to such trust, and that he might in equity be compelled to give the plaintiff the benefit of such *lien* for the security and payment of his debt; and if the mortgagee has voluntarily done what he might be compelled to do, the plaintiff most certainly should have the same benefit from the act, that he could have had if the assignment had been made under a decree in chancery.

That the plaintiff had such an *equitable lien* on the mortgaged premises, is too well settled to need authority. The case cited from the 8th of Metcalf p. 20, is directly in point. As this equitable *lien* was to secure the payment of the note from the princi-

pal, the amount due on the note was the sum which the principal debtor was bound to pay before the lands could be released from the mortgage; and this note has been in legal effect paid by the principal, by means of the mortgage property, and the surety must of course be discharged.

Judgment of the County Court is reversed.