THE WOODSTOCK BANK *v.* EBENEZER G. LAMSON, ABEL F. GOODNOW, E. BUCHANAN YALE, AND HENRY HUBBARD.

[IN CHANCERY.]

*Costs. Interest. Mortgage. Decree.*

The original mortgagee commenced suits at law on a mortgage debt, and while the suits were pending, sold the debt with the securities. The purchaser discontinued the suits and foreclosed the mortgage as against the mortgagors, and after the decree had expired without redemption, commenced the present suit to foreclose the equity of the subsequent mortgagee and other parties in possession, who were not parties to the former decree. *Held,* that the costs of the former suits at law cannot be included in the decree.

Nor could they be included in a decree against the mortgagor.—KELLOGG, J.

*Held* also, that interest should not be cast on the former decree to which the subsequent mortgagee was not a party, but on the original debt.

*Held* further, that the costs of the former decree should be included in the decree against the subsequent mortgagee.

APPEAL from the court of chancery. A petition for foreclosure was brought against the defendant Hubbard, who was a subsequent mortgagee, and the other defendants who claimed under him. The bill was taken as confessed with right to be heard upon the subject of damages.

The facts stated in the bill are fully given in the opinion of the court.

*Washburn & Marsh*, for the defendants.

*Converse & French*, for the orators.

KELLOGG, J. The petitioner is assignee of a mortgage executed by Samuel E. Robbins and Richard S. Lawrence to Charles C. Little on the 30th July, 1849. This mortgage conveyed certain real estate in Windsor; and was foreclosed by a decree in favor of Julius Converse against the mortgagors and certain other parties, at the term of the court of chancery held in this county in December, 1857,—Mr. Converse being then the assignee of the mortgage, but holding it for the use and benefit of the petitioner. At the time when this decree of foreclosure was made, the defendant Hubbard held another mortgage, subsequent in respect to the time of its execution, upon the same property, and he was made a party defendant in the suit in which this decree was made; but, as he claimed priority for his own mortgage against the mortgage upon which that suit was commenced, he was, by the consent of the petitioner in that suit, dismissed with his costs, but without prejudice. He subsequently commenced a suit in chancery for the purpose of having the petitioner's mortgage postponed to his own, but was defeated in that suit. His equity of redemption never having been foreclosed, the petitioner commenced the present suit against him, and also against the other defendants, who are in possession of the mortgaged estate under him, for the purpose of foreclosing the equity of redemption which they have, or may be entitled to claim, under the prior mortgage of which the petitioner is the assignee.

Woodstock Bank *v.* Lamson et al.

The petition was taken as confessed, with liberty to the defendants to be heard in taking the account of the sum due on the mortgage. Three questions, made on the hearing in reference to, the amount due on the mortgage, have been discussed and considered in this court on the defendant's appeal from the decree of the chancellor.

I. It appears that certain suits at law were commenced by the original mortgagee against the drawers and indorsers upon the four outstanding drafts secured by the mortgage, upon which the personal property of the mortgagors was attached to a large amount; and that, while these suits were pending in court, the petitioner, having a subsequent attachment upon the same personal property, purchased this mortgage debt, with all its securities, and then discontinued the suits at law so commenced by the original mortgagee, and levied its execution upon the attached property,—the same being then freed from the lien of the previous attachments. The defendants insist that the costs of these suits at law ought not to be allowed as a part of the mortgage debt and should not be included in a decree of foreclosure. We think that there is no ground on which the costs in those suits can be allowed as a part of the mortgage debt, for the reason that those costs never were established as claims against the original mortgagors by judgments in the suits at law; and, until thus established, they would constitute no ground of claim against the mortgagors,—and much less would they form the basis of a claim against these defendants. We find nothing in the papers submitted to us which would lead us to infer that the costs of those suits were included in the former decree, and as the suits were not discontinued until a year after the making of that decree, it would seem certain that only a portion of those costs could have been included in it, and whether any or what portion was so included does not distinctly appear. As the decretal order of the chancellor in this suit does not make any reference to those costs, we are not able to say that he directed the allowance of any sum on account of the same as a part of the mortgage debt; and we find no reason for disturbing his

decree in this respect, because it does not appear with any rea-
sonable distinctness that the decree is open to exception on this
ground.

II.   The petition claims that the amount of the former decree
of foreclosure against the original mortgagors, with interest
thereon from the time of the making of the same, should be
regarded as the sum now due in equity upon the mortgage secu-
rity,—while the defendants insist that, in computing the amount
now due on the mortgage debt, interest should be cast on the
original debt secured by the mortgage, and not on the former
decree, and claim that if interest is allowed on the sum included
in the former decree, they will be made chargeable with interest
upon interest.   This presents the question whether that decree
should be considered as having any effect against the defendant
Hubbard and the other defendants who were not parties to it.
The petitioner, previous to commencing the suit which resulted
in the making of the former decree of foreclosure had full notice
of Hubbard's right of redemption, and made him a party defend-
ant to that suit, but, before the decree was made, caused him to
be dismissed.   Being thus purposely left out of that proceeding,
he and those claiming in his right ought not to be prejudiced by
a decree to which he was not a party, and the petitioner should
not be regarded as standing in any better or more favorable posi-
tion than if Hubbard had not been made a party to that proceed-
ing.   Hubbard had no opportunity in that suit to be heard in
reference to the amount due on the mortgage debt, and he ought
not to be concluded by a result which as to him was in all respects
*ex parte.*   He is entitled to stand upon the same footing as if the
whole matter was open, or as if he had the right to redeem the
prior mortgage on payment of the amount due on the debt secured
by that mortgage, with the interest thereon.   Is this right
changed or modified in consequence of the former decree, or
should he be treated as subject by that decree to an increased
duty or obligation in connection with the mortgage debt?   We
think that no additional duty, obligation, or liability was imposed
upon him by that decree, and we do not regard the petitioner,

9

who is the assignee of the mortgage debt and its securities, as being placed in any position of disadvantage or prejudice by being required to accept the amount of the original demand secured by the mortgage, with the interest thereon, in satisfaction and discharge of the mortgage security. The petitioner's rights remain the same as if he was now, for the first time, seeking a foreclosure on his mortgage ; and the defendants should be regarded as standing on an equally favorable footing in respect to their rights. We therefore regard the basis adopted by the chancellor for making up the decree of foreclosure in this respect as being erroneous, and consider the proper basis for making up the decree to be the amount due for principal and interest on the original debt secured by the mortgage, instead of the sum included in the former decree.

III. The petition claims that the costs of the former decree of foreclosure should be included in the decree in the present suit, and made chargeable on the mortgaged premises. This claim is resisted by the defendants. The former decree of foreclosure was against the original mortgagors and certain other parties claiming under them. The decree expired without any redemption, so that the foreclosure became absolute as against the original mortgagors and their co-defendants. The estate of the original mortgagors in the mortgaged premises was, by the foreclosure, conveyed or transferred to Mr. Converse, the petitioner in that suit, who has since assigned the same to the petitioner in the present suit. Although this was a conveyance by operation of law, it is just as effectual to divest and pass the estate of the original mortgagors as if it had been by a deed duly executed by them,—the mortgagee, after the decree of foreclosure has expired, being considered as a purchaser of the estate in satisfaction of his debt. *Lovell* v. *Leland*, 3 Vt. 581.

If the defendants in this suit should redeem the petitioner's mortgage they would take the benefit of the former decree of foreclosure against the original mortgagors, and thereby acquire a perfect title to the mortgaged estate ; for the original mortgag-

ors would not then be in a position to claim any right of redemption under the defendant Hubbard's mortgage, because they would be without any right or interest in the mortgaged estate. They would stand in just the same position as they would if they had conveyed their right, title, and interest in the estate to the petitioner; and Hubbard and the other defendants would, if they redeemed the petitioner's mortgage, hold the mortgaged premises free from any right of redemption which could be asserted by the original mortgagors. As the defendants would, by redeeming the petitioner's mortgage, acquire the benefit of the former decree of foreclosure, it is, for this reason equitable that the defendants should pay the costs of that decree. Upon this ground, we consider that those costs may be properly included in the decree of foreclosure in this suit, and we find no error in the decree of the chancellor in this respect.

The decree of the chancellor is reversed, and the cause is to be remitted to the court of chancery with a mandate directing a decree of foreclosure in favor of the petitioner for the sum due for principal and interest on the original demands secured by the petitioner's mortgage, and for the amount paid by the petitioner in discharge of the prior incumbrance and taxes on the mortgaged estate, with interest thereon, and also for the costs of the former decree in favor of Mr. Converse against the original mortgagors and other defendants as above referred to, with interest thereon, and also for the costs of this petition in the court of chancery; and the defendants are to be allowed their costs in this court.