# GENERAL TERM,

## OCTOBER, 1881.

[CONTINUED FROM PAGE 45, *ante*.]

---

### HORACE CALKINS *v*. E. G. CLEMENT.

*Chattel Mortgage.   Replevin.   Detinue.*

1. The mortgagee of personal property is not entitled to possession of it until after condition broken.
2. The statute, for the advertisement and public sale of property covered by a chattel mortgage, supersedes other remedies.
3. After condition broken in a chattel mortgage, it is probable that detinue, and perhaps replevin, would lie to obtain possession of the property to be disposed of under the statute.
4. A chattel mortgage, given to secure some portion, without specifying what, of an old debt, a part only of which is due, is presumed to have been given to secure that which is due.
5. The *whole* debt was secured by a mortgage on real estate; $200 of it also by the chattel mortgage; the former was foreclosed, and the decree, becoming absolute, operated as a payment and extinguishment of the chattel mortgage debt.
6. The clerk of the court to assess the damages for the detention of the property replevined.

REPLEVIN for one horse.   Heard on an agreed statement, March Term, 1881, Essex County, ROSS, J., presiding.   Judgment for the plaintiff.   The writ was served July 12, 1880 ; chattel mortgage was dated July 15, 1879.   On April 1st, 1877, the plaintiff gave the defendant a bond for a deed of certain real estate, and received therefor seventeen $100 notes, payable one note each year.   At the March Term, 1880, the plaintiff brought his petition of foreclosure against the defendant, obtained a decree, and the decree became absolute, May 15, 1880, by the failure of the defendant to pay.   It was agreed that the real estate was of less

value than the notes,—as much less as the property covered by the chattel mortgage was worth. It was also agreed that the clerk of the court should assess the damages if the judgment was for the defendant.

*Geo. W. Cahoon*, for the defendant.

The agreed case shows that plaintiff foreclosed his *entire indebtedness against the defendant including the two hundred dollars* embraced in said chattel mortgage, upon a certain farm in Victory, and that the decree became absolute the 15th of May, 1880. 1 Greenl. Ev. s. 528, note.

To all intents and purposes the claim upon which the mortgage is predicated is merged in the decree and paid by the land. He might have omitted a part of the notes, but he did not. *Langdon* v. *Paul*, 20 Vt. 221.

The debt for which the chattel mortgage was given is paid and extinguished. *Stanley* v. *Slason*, 28 Vt. 349.

*A. F. Nichols*, for the plaintiff.

The decree of foreclosure referred to is no bar to this action. The case shows that the premises included in the decree were insufficient in value to liquidate the debt due the plaintiff in this case by a sum greater than the amount of the chattel mortgage and the value of the property described therein.

When the decree became perfected the premises embraced in that decree operated only as a payment of the mortgage debt *pro tanto*. *Smith* v. *Lamb*, 1 Vt. 395 ; *Lowell* v. *Leeland*, 3 Vt. 381 ; *Thomas* v. *Warner*, 15 Vt. 110 ; *Parris* v. *Hulett*, 26 Vt. 308.

The opinion of the court was delivered by

REDFIELD, J. This action is replevin for one horse. The cause is submitted upon a case stated, with certain exhibits. The defendant, on the 15th of July, 1879, conveyed this horse, with other property, to the plaintiff, by a written instrument without seal, in consideration of $200, with the condition annexed, " that if said Clement shall draw timber and pay, or cause to be paid,

the above $200, on or before the 2d day of April next, then said deed to be null and void, otherwise in full force in law." The case stated does not show whether the timber had been drawn, or the two hundred dollars paid.

I.   The plaintiff had no title to the horse until the 2d day of April elapsed, and the condition remained unfulfilled. We think the plaintiff should show a breach of the condition, before he could rightfully assert title and possession to the horse. The defendant claims in argument that the condition remains unbroken.

II.   We think the provision of the statute in the case of chattel mortgage, for the advertisement and public sale of such property, was intended to supersede other remedies, and is exclusive. If the debt remained unpaid on the 2d day of April, and the defendant, on proper demand, had refused to surrender the possession of the horse to the plaintiff, he might proceed to a sale, under the statute ; and it is probable that *detinue,* and perhaps *replevin,* would lie, in order to obtain the possession of the property, to be disposed of under the provisions of the statute.

III.   But the most formidable objection to the plaintiff's recovery is that by operation of the foreclosure this debt had been paid. The defendant had given his notes of $1,700 for the purchase of the land, payable in seventeen annual instalments of one hundred dollars each year for seventeen years, and taken a bond for a deed. Some two years afterwards, and after two of said notes had become due, the defendant gave this chattel mortgage, to secure and pay two hundred dollars of the purchase price of the land ; and as but $200 had become due, with the interest, the law will intend and presume that it was the $200 which had matured, and fallen due, which was to be paid by the contract to get out lumber, secured by the chattel mortgage. When the decree of foreclosure was made, less than $400 of the purchase price of the land had become due ; and it was for the non-payment of the portion of the debt that had matured, that the decree became absolute. The land was of more than sufficient value to

pay that portion of the debt; and the decree operated as a payment *pro tanto*, to the extent of the value of the land.   Hence, the debt to pay which the chattel mortgage was given had become paid and extinguished by operation of the decree.   When a decree becomes absolute, it operates as a purchase of the estate by the mortgagee, in payment of the mortgage debt, if the value of the estate be equal to the amount of the decree, if less than that value, then as a payment *pro tanto*.   *Lovell* v. *Leland*, 3 Vt. 581 ; *Paris* v. *Hulett*, 26 Vt. 308.   See also 15 Vt. 113 ; 36 Vt. 122.

The result is that the judgment of the County Court is reversed, and judgment that defendant have the return of the property replevied, and recover damages for the detention of the property replevied, to be assessed by the clerk of Essex County Supreme Court, and his costs.