## JACOB AND GUY SMITH v. DAVID McDONALD.

### (In Chancery.)

*Usury.   Equitable   Offset,   Bill   in   Chancery   to   Compel, when   Suit   at   Law   has   been   Brought.*

When a mortgage has been foreclosed, and the premises are not worth enough to pay the mortgage debt, the excess may be pleaded as an eqitable offset; and, the mortgage having been executed to both the orators, but the usury having been paid to only one of them for the benefit of both; the mortgage notes having been sold and merged in a judgment in the name of a third party, and then repurchased by the orators, and the mortgage foreclosed by them and in their names; an action at law having been brought to recover the usury against the party alone to whom the usury had been paid, and hence the excess could not, at law, be pleaded in offset. *Held,* that a bill in equity would lie to compel an equitable offset, the mortgagor being insolvent.

Bill In Chancery. Heard, March Term, 1883, on bill, answer and traverse. Redfield, Chancellor, ordered an account

to be taken of the value of the real estate named in the bill to ascertain whether anything should be offset to the defendant's claim. The bill prayed that the Brown judgment, in which the mortgage notes had been merged, " be offset against the usury, after deducting the value of said premises, and that they have. judgment for the balance after deducting the value of said land and said usury; that if necessary a master be appointed to ascertain the value of said land, and the sum due on said judgement, deducting therefrom the rent of said premises, less necessary repairs, taxes and insurance, and to find the amount due on the claim for usury, and report the balance if anything due the orators, and for such others and further relief as to said Court shall seem meet."

The other facts are stated in the opinion of the court.

*Heath & Carleton*, for the defendant.

The orators have a full and complete remedy at law in the suit now pending. The decree is in favor of the orators and is in full force. R. L. s. 939; *Mellendy* v. *N. E. Protective Union*, 36 Vt. 31. The defendant has offered to have said Guy made a co-defendant.

*J. A. & Geo. W. Wing*, for the orators, cited on the question, that one may plead in offset to a claim for usury. *Ewing* v. *Griswold*, 43 Vt. 400; *Cross* v. *Mann*. 53 Vt. 501; *Dean* v. *Herrick*, 54 Vt. 568. The claims are not mutual at law, but are in equity, and hence offset should be allowed. Gen. St. c. 29, s. 27; *Smith* v. *Wainright*, 24 Vt. 97; *Ferris* v. *Burton*, 1 Vt. 439; *Dawson* v. *Dana*, 17 Vt. 518; *Foot* v. *Ketchum*, 15 Vt. 258; *Blake* v. *Langdon*, 19 Vt. 485.

The opinion of the court was delivered by

Ross, J. This is a bill to compel an equitable offset of a claim which the orators own against a claim for usury which the defendant is prosecuting against the orator, Jacob Smith. The only defence set up in the answer is, that the orators can have Guy Smith made co-defendant in the suit at law by the defendant against Jacob Smith, and as an offset in that suit avail themselves of the claim which they are seeking to enforce by

State *v.* McDonald.

the bill. From the allegations in the bill admitted by the answer, it appears that the orators' loaned a sum of money to the defendant, for which they took his promissory notes secured by mortgage. The defendant paid Jacob Smith for himself and Guy Smith, $30, as usury on the loan, for four successive years. The orators then sold the notes and mortgage to I. W. Brown, executor of White's estate, and guaranteed their collectibility. Brown brought a suit at law and recovered judgment, but obtained nothing in the way of satisfaction of the judgment. This merged the notes in a judgment in favor of I. W. Brown, executor. The orators then took back the debt, thus resting in a judgment, and the mortgage securing the same, and foreclosed the mortgage. The defendant did not redeem, and the orators took possession of the property. The defendant has sued Jacob Smith alone to recover back the usury. Guy Smith could, without doubt, be made a co-defendant in that suit. But that would not avail them to set off the claim alleged to exist in equity in their favor against the defendant. This claim is for the deficiency in the value of the mortgage premises to pay the mortgage debt at the time the foreclosure became absolute. The orators cannot assert the claim for this deficiency under the decree of foreclosure. The decree was for the premises unless redeemed by payment of the debt secured by the mortgage. It was not a personal judgment against the defendant for the sum found due under the mortgage. The mortgage premises when taken under the decree of foreclosure *prima facie* satisfied the mortgage debt. The excess of the debt above the value of the mortgage premises could be recovered only in an action on the debt. *Lovell* v. *Leland*, 3 Vt. 581 ; *Paris* v. *Hulett*, 26 Vt. 308.

The original notes had become merged in the judgment in favor of I. W. Brown, executor, and at law, would have to be sued in his name, although in equity the excess of the mortgage debt above the value of the. mortgage premises when the decree became absolute belonged to the orators, and in equity could be enforced in their names. An action at law thereon must be brought

in the name of I. W. Brown.  The orators could not declare for it in their own names, even if Guy Smith should become a co-defendant, in offset to the defendant's action to recover back the sums paid by him to Jacob Smith, for the use of both, as usury. The bill alleges that the excess of the debt above the value of the mortgage premises was more than enough to offset the defendant's claim for usury.  It also alleges that the defendent is insolvent, and that the orators' only means of obtaining satisfaction for the excess is by offsetting it against the claim of the defendant for usury.  On these facts the orators are entitled to the relief prayed for.  They could not avail themselves of the excess in offset in the defendant's suit at law.

The decree of the Court of Chancery was correct, and is affirmed, and the cause remanded.