## RE ALLEN'S ESTATE IN INSOLVENCY.

### HARRY R. LAWRENCE, CLAIMANT.

WINDHAM COUNTY, 1893.

Before: ROSS, CH. J., TAFT, ROWELL AND START, JJ.

*Chattel mortgage. After-acquired property. Possession.*

1.  The mortgagee of a stock of lumber, whose mortgage provides that the specific lumber on hand may be sold, but that the stock shall be kept good for his benefit, will not hold after acquired lumber as against proceedings in insolvency, unless he has taken actual possession.

2.  That a subsequent mortgagee of the same stock has taken possession, of his own motion, but upon the understanding and expectation that the prior mortgage must be first satisfied, will not help the prior mortgagee.

This was an appeal from an order of the court of insolvency for the district of Windham. Heard upon the report of a referee at the September term, 1892, MUNSON, J., presiding. Judgment for the claimant for $34.50. Exceptions by the claimant.

In 1882, I. K. Allen, who was then doing business as a lumber dealer in Brattleboro, gave to the claimant a mort-

gage of certain office furniture and certain lumber of various kinds to secure the payment of his note for $1,500. The mortgage specified the furniture and lumber which the mortgagor then had on hand and provided that the mortgagor might sell the lumber in course of business, but should keep the stock at all times good in value and quality.

The mortgagor paid the interest on the note from year to year and kept the stock of lumber substantially good down to the time of his insolvency.

In 1886, Allen mortgaged to one Crowell his entire stock of lumber which he then had or might afterwards have, to secure another note for $1,500. This mortgage referred to the claimant's mortgage as a prior lien and in subsequent conversation between Allen, Crowell and the claimant, it was assumed by all parties that the claimant's mortgage must be paid before Crowell could realize anything on his.

In 1891, Allen had become badly involved and Crowell learned that suits were about to be begun against him. Thereupon he took counsel and was informed that he could not hold under his mortgage the after-acquired lumber unless he took possession of it. He accordingly at once did so and held possession until the appointment of a messenger in insolvency, when he delivered the lumber to him.

In reference to the understanding between Allen, Crowell and the claimant, Lawrence, as to Crowell's taking possession of the property the referee reported:

" Lawrence never specially authorized Crowell to take possession of the property for him, and Crowell never promised so to do, and never had possession of the Lawrence mortgage or note. Lawrence knew of the Crowell mortgage very soon after its execution and when Crowell took his mortgage he knew of the Lawrence mortgage. Lawrence, Crowell and Allen all supposed the Lawrence mortgage would have to be first paid before Crowell could realize anything under his mortgage.

"Crowell took possession for the purpose of preserving the property from attachment, so that it could be held to be divided among the creditors according to their respective rights, and although nothing was said about the Lawrence mortgage, both Crowell and Allen supposed the Lawrence mortgage would have to be paid first, and then the Crowell mortgage would be paid and the balance of the property, if any, would go to pay the unsecured creditors. Crowell did not expect he had taken possession for Lawrence except as he supposed his mortgage was the second mortgage and the Lawrence mortgage was the first mortgage to be paid.

"Lawrence learned that same day that Crowell had taken possession and went at once to see him. Crowell told him he had taken possession for the common benefit and not adversely to his, the said Lawrence's rights. Lawrence had the same belief that Crowell had and supposed his mortgage must be first paid and he approved of what Crowell had done in taking possession. Lawrence never took possession under his mortgage unless the taking possession by said Crowell was in effect taking possession for him, the said Lawrence."

At the time Crowell took possession all the property in existence at the time the claimant's mortgage was executed had been disposed of, except one thousand feet of lumber and some of the furniture, in all of the value of $34.50.

*Waterman*, *Martin & Hitt* for the claimant.

A mortgage of after-acquired property is good. *Peabody* v. *Landon*, 61 Vt. 318 ; *Kelscy* v. *Kendall*, 48 Vt. 24.

The possession of Crowell was sufficient to bring the property under the operation of the mortgage. *Read* v. *Wilson* 22 Ill. 377.

*Haskins & Stoddard* for the defendant.

The claimant's mortgage was not good as to property sub-

sequently acquired, without possession, which he did not have. *Peabody* v. *Landon*, 61 Vt. 318; *Putnam* v. *Clark*, 17 Vt. 87; *Moody* v. *Wright*, 13 Met. 33.

TAFT, J. The case at bar is within the general rule that a mortgage óf chattels can operate only on property actually in existence at the time of giving the mortgage, and then actually belonging to the mortgagor or potentially belonging to him as an incident of other property then in existence. There may be exceptions to this rnle, but it is unnecessary to notice them save to say that the principal one is in case the mortgagee takes actual possession of the subsequently acquired property. Neither do we need refer to the effect between the parties of a mortgage of property acquired subsequently to its execution. The claimant did not take possession of the property in question and no possession was taken for him by Mr. Crowell. The fact that the latter thought that the mortgages were liens upon the subsequently acquired property did not affect the character of his act. His mistake as to the effect of the mortgages no doubt may have misled him had his intent been to take possession on behalf of the mortgagees. He "took possession for the purpose of preserving the property so that it could be held to be divided among the creditors according to their respective rights." It was not a right of the claimant to have his debt made a lien upon the subsequently acquired property unless he took possession of it under his mortgage. Not having done so he can have nothing under his mortgage save the property that was in existence at the time of the execution of and that was covered by it. The value of such property was thirty-four fifty one hundredth dollars, and that sum the claimant recovered below.

*The judgment was correct; the same is affirmed and ordered certified to the court of insolvency.*