---

## In re BALL.

(District Court, D. Vermont. May 29, 1903.)

1. BANKRUPTCY—RIGHTS OF SECURED CREDITORS—SEPARATE PROOF OF UNSECURED CLAIM.

The separate proof of an unsecured claim does not debar a creditor of a bankrupt from subsequently proving a balance due on a secured claim after the security has been exhausted.

2. CHATTEL MORTGAGE—VALIDITY—PERMITTING SALE OF GOODS BY MORTGAGOR.

An agreement between a mortgagee of a stock of goods and the mortgagor that the latter may sell the goods in the usual course of business and use the proceeds, if made without fraudulent intent, does not render the mortgage void as to the goods unsold, but its only effect is to withdraw the goods sold from the operation of the mortgage.

3. BANKRUPTCY—PREFERENCE—LIEN OBTAINED THROUGH LEGAL PROCEEDINGS.

Where, under the law of the state, a chattel mortgage on a stock of goods, covering new goods purchased to take the place of goods sold, is valid as to such after-acquired goods when followed by possession, but not otherwise, the taking of possession by the mortgagee through a public officer, as required by law, after the mortgagee had good reason to believe the mortgagor insolvent, and within four months prior to his bankruptcy, amounted to the giving of a preference at that time, which is voidable by the trustee as to such goods; and such taking of possession is also the obtaining of a lien through legal proceedings, which is void under Bankr. Act July 1, 1898, § 67f, 30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449].

In Bankruptcy. On review of action of referee on claim of Josephine Lee.

Alexander Dunnett, for claimant.
Porter & Thompson, for trustee.

WHEELER, District Judge. The claimant has mortgages on the bankrupt's stock of hardware kept for sale, given more than four months before the bankruptcy proceedings, made to cover "also new goods purchased to take the place of goods sold." According to the report of the referee $625 in value of the goods on hand at the time of filing the petition were there when the mortgages were made. She had previously proved an unsecured claim, and that is insisted to be a waiver of all not there included. But the law does not seem to require that all claims should be brought into one. No good reason appears for holding that one should be barred by not being combined with the others, and there may be good reasons why secured and unsecured claims should not be put together.

The principal question is as to the extent of the securities to be deducted from the face of the secured debts. The referee has found that it was understood between the claimant and the bankrupt, when the mortgages were made, that he was to remain in possession of the goods, sell them in the ordinary course of the business, and use the

proceeds as he needed the same. This provision is said to have rendered the mortgages fraudulent as to creditors, and void as to the trustee. But no wrongful intention is found, and the effect of the agreement itself would seem to be no more than a withdrawal of the property as fast as sold from the operation of the mortgages. Etheridge v. Sperry, 139 U. S. 266, 11 Sup. Ct. 565, 35 L. Ed. 171. The mortgage appears to be valid as to the goods on hand when it was made. The $625 avails of those goods in the hands of the trustee are to be deducted from the claims.

The title to the other goods, as well as these, is governed by the laws of the state, although what is a preference under the bankrupt law must be controlled by that. Such a mortgage is valid as to the after-acquired property, when followed by possession, without fraudulent intention, against insolvency proceedings, by the laws of the state as construed by its highest court (Peabody v. Landon, 61 Vt. 318, 17 Atl. 781, 15 Am. St. Rep. 903; McLoud v. Wakefield, 70 Vt. 558, 43 Atl. 179), but not without possession (In re Allen's Estate, 65 Vt. 392, 26 Atl. 591). Here the referee has found that the claimant "was put upon inquiry and had reasonable cause to believe that Ball was insolvent before she so took possession of the goods." The question whether the possession would validly bring the after-acquired property into the mortgage, if the mortgagee knew, when taking it, that the mortgagor was insolvent, and took it to obtain a preference, was expressly left undecided in Peabody v. Landon, was not alluded to in McLoud v. Wakefield, and was not involved or mentioned in Re Allen's Estate. This property was such that, before the possession, the bankrupt could, by the arrangement with the mortgagee, have sold, and would, by section 70 of the bankrupt law (Act July 1, 1898, 30 Stat. 565, c. 541 [U. S. Comp. St. 1901, p. 3451]), pass to the assignee. The possession, which was long within the four months, was the operative thing that would work a preference under section 60, cl. "a," 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]; and such a preference is voidable by the trustee under clause "b." The preference, as such, was given by the bankrupt when his giving could be, and was, carried into effect. Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147. In that case the warrant of attorney to confess judgment was a usual mode of giving security in Wisconsin, where the case arose, and was long before the four months; but the effective thing under it, within the bankrupt law, was held to be the confession of judgment, which, being within the four months, constituted a preference avoidable by the trustee.

And, further, the laws of the state provide for the taking and sale of mortgaged personal property by a public officer by virtue of the mortgage, and this mode of sale is exclusive. V. S. 2265–2268; Calkins v. Clement, 54 Vt. 635. This was done by the claimant, under the law, by a public officer, which was like taking property on execution and would seem to be a legal proceeding, within clause "f" of section 67 of the bankrupt law, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], making such proceedings void. By the law of the state, before such possession there was no valid lien upon this property; by the bankrupt law this taking possession by the officer for the purpose of

a sale was void. In these views this claim is to be reduced $625 on account of the property on hand and covered by the mortgages when they were made, and not further on account of the after-acquired property.

The referee has reported that the taking and preservation of the property by the officer has benefited the estate:

| | |
|---|---:|
| By taking possession of goods | $ 1 00 |
| Paid rent | 73 00 |
| Care of property | 2 50 |
| And moving goods | 1 55 |
| | $78 05 |

This allowance seems to be proper. The other items of officer's fees and charges appear to be properly disallowed. This sum of $78.05 should be paid by the trustee and allowed to him as a part of the expenses of the estate.

Secured claim, less $625, avails of security, allowed.