N. B. ROGERS, ASSIGNEE, *v.* CHARLES H. HEATH'S ADMR.

*Attorney's lien; how  enforced  for  services  rendered  before insolvency.*

1.  An attorney who prosecutes a suit for an insolvent up to the date of the adjudication of insolvency, and afterwards for the assignee to final judgment, has a lien upon such judgment for the full amount of his fees.

2.  A secured creditor is 'not bound to liquidate his security in the court of insolvency, unless the assignee requires it.

Action, general assumpsit.   Plea, the general issue, offset and notice that the defendant claimed an attorney's lien.   Trial by court at the March Term, Washington County, 1889, ROYCE, Ch. J., presiding.

The court found  that Heath, the intestate, was employed by Holt, the insolvent, to prosecute a suit against one Barton.   The suit was begun before a  justice of  the peace, and was taken by appeal to the  County Court, where it was pending at the date Holt was adjudged an insolvent.   Heath continued to prosecute the suit, although without any  positive employment by the assignee, and finally recovered judgment for $91.23, which was paid to him.   His services after the appointment of the assignee amounted to  $44.48, and in the whole to $73.98.   The court rendered judgment for the amount received by the intestate, less $44.48.   The defendant excepts.

*A. G. Fay,* for the defendant.

An attorney has a lien upon a judgment which he has obtained for his fees in obtaining it.   Jones Liens, secs. 137 to 146 and 191 : Montague Liens, 61 ; Bennett *Lis Pendens*, secs. 255 to 259 ; Story  Agency, sec. 383  and  note ; *ex parte Castle*, 15 Ves. 540; *Heartt* v. *Chipman et al.*, 2 Aiken, 162 ; *Patrick* v. *Hazen*, 10 Vt. 183 ; *Hutchinson et al.* v. *Howard et al.*, 15 Vt.

544; *Hooper* v. *Welch*, 43 Vt. 169; *Weed Sewing Machine Co.* v. *Boutellé*, 56 Vt. 570; *Hulbert, Admr.*, v. *Brigham and Waterman*, 56 Vt. 368.

And this lien extends to the books and papers of his client, and for the balance of his account. Story Agency, sec. 385 and note; 1 Jones Liens, secs. 113 to 124 and notes; *Hooper* v. *Welch, supra ; in re New York Mail Steamship Co.*, 2 B. R. 554.

The assignee took this *chose in action* subject to all liens against the bankrupt. *Taylor* v. *Bates*, 5 Cow. 376; *Bank of Niagara* v. *M'Cracken*, 11 John. 493 ; *Chamberlin* v. *Gorham*, 20 John. 144; *Foot* v *Ketchum et al.*, 15 Vt. 258 ; *Barney* v. *Grover*, 28 Vt. 391 ; *Knapp et al.* v. *Sturges et al.*, 36 Vt. 721 ; High Receivers, sec. 138 ; Bump's Bankruptcy, 133 ; *in re N. A. Gutta Percha Co.*, 17 How. Pr. 549 ; *Rich* v. *Loutrel*, 18 How. Pr. 121.

In case of bankruptcy an attorney's lien for services already rendered is preserved. High Receivers, sec. 138 ; 1 Jones Liens, sec. 131 ; *in re Gregson*, 26 Beav. 87 ; *Bowling Green Savings Bank* v. *Todd et al.*, 64 Barb. 146 ; *Ward, Assignee*, v. *Craig et al.*, 87 N. Y. 550.

Under the Vermont insolvency law a secured creditor need not present his claim for allowance, and cannot unless his security has been liquidated. R. L. s. 1802 ; *Hurlburt, Admr.*, v. *Brigham and Waterman*, 56 Vt. 368.

*J. P Lamson*, for the plaintiff.

Heath's account for services rendered previously to the adjudication of insolvency was a claim against the insolvent estate, and should have been proved as such. Not having been proved, it cannot be enforced in this suit.

The opinion of the court was delivered by

Rowell, J.   Mr. Heath, the intestate, brought suit for the insolvent debtor, and prosecuted it until the adjudication of insolvency and appointment of the plaintiff as assignee, and thence till final judgment, which he collected. The plaintiff now seeks

Rogers, Assignee, *v.* Heath's Admr.

to recover the amount thus collected, less the amount of Mr. Heath's bill for services rendered after plaintiff's appointment. The defense claim an attorney's lien on the money for the payment of the whole bill, as well the part for services rendered before the plaintiff's appointment as the part for services rendered after the appointment; and this claim is sustained.

There are two ways of proceeding when one has a lien on property for securing the payment of a debt against an insolvent debtor. If the assignee or the creditor requires it, the property is sold under an order of the Court of Insolvency, the net proceeds applied towards the payment of the debt, and the creditor admitted for the residue, if any ; or the creditor may, if he elects, release and deliver the property to the assignee, and be admitted for the whole of his debt. If neither of these things is done, the creditor cannot prove at all, for he cannot make oath as required, that neither he nor any other person to his use has received security beyond what has been disposed of agreeably to law.

But the creditor is not bound to take either course, but may retain the property, if the assignee does not require it to be sold as provided, and enforce his lien.

*Judgment reversed, and judgment for plaintiff for* $17.25, *with interest from the commencement of the suit.*