International Trust Co. *v.* West Rutland Marble Co.

*THE INTERNATIONAL TRUST CO., TRUSTEE, *v.* THE ASSIGNEE OF WEST RUTLAND MARBLE CO.

*Estates in insolvency. How secured creditor must liquidate his security. R. L. 1802.*

1. A secured creditor can prove no portion of his claim against an insolvent estate until he has liquidated his security by a sale under order of the Court of Insolvency in accordance with R. L. 1802. He cannot foreclose his mortgage under the general law, and prove the balance of his debt which the security does not thereby satisfy.
2. The fact that the assignee does not apply for an order of sale will not relieve the creditor from the obligation to do so.
3. Nor can the creditor apply for such order after he has once foreclosed his security under the general law.

Appeal from an order of the Court of Insolvency confirming the report of commissioners, appointed under R. L. 1862-3, allowing a claim against the estate in favor of the claimant. Heard at the September term, 1889, Powers, J., presiding, upon an agreed statement of facts. Judgment *pro forma* for the claimant.

The defendant excepts.

The defendant was the assignee of the West Rutland Marble Company. That company, previously to its insolvency, had issued certain negotiable bonds, which were secured by two mortgage deeds running to the claimant as trustee. One of these deeds conveyed real estate situated in the State of New York, the other real estate situated in the State of Vermont, and both secured the same debt. After the petition of insolvency was

* Heard at the Jan. Term, 1890.

International Trust Co. *v.* West Rutland Marble Co.

filed the claimant foreclosed both these mortgages, that in New York by sale under order of court, that in Vermont by petition in chancery. When the Vermont decree became absolute, the claimant took possession of that parcel and sold it. The claimant held these bonds, as trustee for the owners, and the debt which it sought to prove was the difference between the amount due on them and the value of the securities which it had realized by foreclosure of its mortgages. It was conceded that this difference was $81,833.93.

Before presenting its claim for allowance the claimant filed its petition in the Court of Insolvency praying for a liquidation of its securities by sale under R. L. 1802, which was opposed by the assignee and dismissed. This was after the sale in New York, and after the decree had become absolute, but before the sale of the security by the claimant in Vermont.

*Geo. E. Lawrence*, for the defendant.

The insolvency law was intended to provide a complete system for the distribution of the debtor's assets among his creditors; and whoever would avail himself of any of its provisions must comply with the whole. *Smith* v. *Warren*, 133 Mass. 71; *Davis* v. *Anderson*, 6 N. B. R. 45.

The right of the creditor to come in and share in the assets is statutory, and the statute must be strictly complied with. *Calkins* v. *Clement*, 54 Vt. 635; *McKeon* v. *Caherty*, 3 Wendell 495; *Re* Townshend, 4 Hun 31, aff'd 63 N. Y. 631; *Jones* v. *Walker*, 63 N. Y. 312; *Thayer* v. *Partridge*, 47 Vt. 428; *Smith* v. *Woodman*, 8 Foster (N. H.) 520. When the assignee found the creditor enforcing his security in disregard of the insolvency law, he had the right to suppose that he was satisfied with his security.

Having foreclosed his mortgage and taken possession of the property a creditor cannot collect any portion of his debt without opening the whole decree. *Converse* v. *Cook*, 8 Vt. 164; 2

Washburn, 150 and 122; *Lockhart* v. *Hardy*, 9 Beav. 349; *Den* v. *Tunis*, 1 Dutch. (N. J.) 633.

*P. R. Kendall* and *J. C. Baker*, for the claimant.

The foreclosure of the real estate mortgage is a satisfaction of the mortgagee's debt only to the extent of the value of the security at the time the mortgagor's right is extinguished. He may sue for and recover the balance. *Smith* v. *Lamb*, 1 Vt. 395; *Lovell* v. *Leland*, 3 Vt. 581; *Noyes* v. *Rockwood*, 56 Vt. 647, 650; Jones on Mort. 950, 953.

By the operation of the foreclosure the security became a payment *pro tanto*. As to the balance the debt still remained, and as unsecured. Jones on Mort. 950; *Lankton* v. *Wolcott*, 6 Met. 305; Boone Real Estate, 242. Bishop Insol. Deb. 374; *Richardson* v. *Wyman*, 4 Gray 553.

The opinion of the court was delivered by

MUNSON, J. The statute provides that the judge of the Court of Insolvency shall execute to the assignee of an insolvent debtor an assignment of all the debtor's estate not exempt from attachment, and that such assignment shall vest in the assignee all the property of the debtor which he could have lawfully sold or conveyed, or which could have been taken on execution upon a judgment against him. R. L. 1818, 1820. This conveyance is effectual to pass to the assignee all the debtor's attachable realty in this state, subject to such valid incumbrances as the debtor may have placed upon it. All mortgage security recognized as valid by the insolvent law remains undisturbed, except so far as it may be affected by the provisions made for the disposal of the property.

It is provided that when a creditor has a mortgage upon the property of the debtor as security for his claim, the property so held as security, if either the assignee or the creditor requires it, shall be sold under the order of the court, and in such manner as

the judge shall direct. When the property is thus disposed of, the proceeds of the sale are to be applied towards the payment of the secured claim, and the residue, if any, may be presented for allowance. But, if the mortgagee chooses, he may release the property held as security, and be admitted as a creditor for the whole of his claim. R. L. 1802. The contention is as to the meaning and effect of this section.

The claimant insists that it can avail itself of its security by foreclosure under the general law, and afterwards proceed against the insolvent estate for the unsatisfied portion of its claim, the same as it might have brought suit against the debtor for such balance, if it had not been adjudged insolvent. It has acted upon this view of the law, and having realized upon its securities, now seeks to prove the balance of its claim as an unsecured indebtedness. In considering its right to do so, we confine ourselves to that branch of the case which relates to the mortgage of property in this state.

The insolvent law contemplates that all the attachable property of an insolvent debtor shall come under the control of the Court of Insolvency, and be disposed of in accordance with the provisions of that law. It undertakes, through the supervision of the court and the action of the assignee, to secure for the benefit of the creditors generally whatever margin there may be in the debtor's incumbered property. The section in question was evidently framed with this object in view.

It is within the power of the Legislature to provide that a secured creditor shall pursue certain methods in regard to his security to entitle him to share with the unsecured creditors upon the balance of his claim. It has not declared in so many words that a failure to follow the methods provided in the section cited shall debar one from this privilege; and we must determine from a consideration of the whole statute whether such was the legislative intent. The question is not as to the mortgagee's right to avail himself of his security in the usual way, if not precluded

by the action of the assignee. The question is, what are his rights under the insolvent law if he sees fit to avail himself of his security in disregard of the methods provided by that law?

We think the statute does not permit a secured creditor to proceed independently of the Court of Insolvency so far as his security is concerned, and afterwards come into that court for a dividend upon such balance as may be left unsatisfied. He must dispose of his security under the order of the court if he wishes to prove the unsatisfied balance of his claim. If he would share with other creditors on the ground of insufficient security, he must so manage his security that the court may know that the unsatisfied balance is no larger than it should be. By a sale of the property under the direction of the court all interests are protected, and the unsecured balance is positively ascertained.

But at the time the claimant made its application for a sale of the property, it had ceased to be a creditor holding security for the payment of a debt. The property had been taken in payment, and had ceased to be security. The claimant had become the absolute owner of the property, and its petition was an attempt to make the estate take it back at such price as it would then command. A sale under such circumstances is not what the statute provides for. So, if a claim upon which property has thus been taken is provable, the unsatisfied balance must be ascertained as it would have been in an action against the debtor. But we think it is not the intention of the law to permit a creditor to obtain the property conveyed him as security, without any supervision in the interest of the estate, and afterwards subject the estate to the expense of establishing its real value, and to the danger of loss from being unable to do so.

The fact that the assignee may prevent this independent action of the creditor by an application for an order of sale, does not affect the question involved. No obligation is cast upon the assignee to act in the matter, and the estate loses nothing by his failure to do so. When the creditor proceeds by petition to

foreclose, the assignee may well suppose that he has chosen his remedy and will make no demand upon the general assets. The assignee may suffer the property to go upon foreclosure, if in full satisfaction of the claim, when if otherwise he would have required a sale.

But the section in question relates to any mortgage or pledge of real or personal estate; and it is evident that one having a pledge of personal property might easily dispose of the security before an assignee was appointed. In such a case, the action of the creditor would preclude the assignee from the exercise of his right to have the property sold under the order of the court. The Legislature could hardly have intended that one should be admitted as a creditor after having pursued a course thus inconsistent with the requirements of the statute.

Our insolvent law is largely modeled after that of Massachusetts. This section is substantially like the corresponding section in the Massachusetts law, except that it does not in terms declare that if the property is not disposed of as therein provided the creditor shall not be allowed to prove any part of his debt; and it is claimed that the omission of this prohibition must be taken to indicate an intention to permit such proof, notwithstanding a different disposition of the property. This view is entitled to, and has received, careful consideration; but we are satisfied that it should not control the construction of this section as against the general spirit and manifest purpose of the law.

We think this conclusion is in accordance with the terms of the oath which is required of the creditor in proof of his claim. He must swear that he has not "received security or satisfaction beyond what has been disposed of agreeably to law," and it is provided that no claim shall be allowed unless the statements of the oath are true. We think that as to any action subsequent to a petition in insolvency the law here intended is the insolvent law, and that unless the security has been disposed of in the

International Trust Co. *v.* West Rutland Marble Co.

manner pointed out by that law, it has not been disposed of agreeably to law within the meaning of the oath.

A creditor who has security may release it, and prove his whole claim. He may have the property sold, and the avails applied upon his claim, and prove the balance. These are the only methods open to him as a claimant in insolvency. Any other course will debar him from the privilege of sharing in the general assets. Similar views were expressed in *Rogers* v. *Heath's Admr.*, 62 Vt. 101.

*Judgment reversed, claim disallowed, to be certified, etc.*