OSCAR D. OLCOTT, ADMR., v. FRED C. DAVIS.

May Term, 1895.

*Insolvency. Sale of mortgaged property. Interest. Application of payments. Mortgage. Decree. Presumption as to payment of debt by taking possession.*

1. A sale by an assignee in insolvency, under order of court, of mortgaged property, without notice to the mortgagee, cannot affect the rights of such mortgagee under the mortgage.

2. Where, upon a note payable with interest annually, a payment is made before the interest falls due which is sufficient to pay the interest then due and a portion of the principal, but which is not specifically applied, the maker of the note has the right to have the computation carried forward to the end of the year, and the amount applied in payment of the interest then falling due.

3. If the maker of a note secured by real estate mortgage gives a chattel mortgage to secure the payment of the interest, he thereby separates the interest from the principal, and the holder of the real estate mortgage may take a decree for the amount of the principal without interest.

4. Such a decree gave the petitioner interest on the amount of the decree from its date, and upon default the petitioner took possession of the mortgaged premises. *Held*, that the real estate should be applied to the payment of the principal first, and that the mortgagor must show that the value of the premises was sufficient to pay both principal and interest at the time of default, or the mortgagee could recover the interest under his chattel mortgage.

Trover. Plea, the general issue. Heard upon the report of a referee at the September term, 1893, Windham

county, TAFT, J., presiding. Judgment for the plaintiff for the larger sum named in the report, and costs. The defendant excepts.

The payment of July 19, 1892, referred to in the opinion, was eight hundred dollars. It was endorsed upon the note, and the referee did not find that any application was made of it by either party. He did report that a computation was then made by the parties, showing due on the note as of that date, after deducting this payment, four thousand two hundred seventeen dollars and ten cents, but that the amount actually due was four thousand two hundred seventeen dollars and sixty-five cents.

The sale of the mortgaged property was under order of the court of insolvency, based upon the petition of the assignee, and was a general order to sell all the real and personal estate of the insolvent.

*F. C. Davis*, *pro sc.*

Interest is created by statute, and can only be computed in the manner authorized. *Ill. Ct. R. Co.* v. *Cobb*, 72 Ill. 148; *Pekin* v. *Reynold*, 31 Ill. 529; *Chicago* v. *Allcock*, 86 Ill. 385; R. L., s. 1998.

Annual interest is only payable at the end of the year. *Walton, Admr.*, v. *Hall's Est.*, 66 Vt. 464; *Catlin* v. *Lyman et al.*, 16 Vt. 44.

*L. M. Reed* for the plaintiff.

MUNSON, J. On the fifteenth day of November, 1882, George L. Cutler executed to the plaintiff's intestate a mortgage of certain real estate, to secure the payment of four thousand two hundred and ninety-four dollars, with interest annually at five per cent., as specified in his promissory note of that date. In October, 1887, Cutler executed to the same party a chattel mortgage, which was conditioned, among

other things, for the payment of the interest then due and to become due on the note above described. In October, 1892, Cutler was adjudged an insolvent debtor, and the defendant was appointed assignee of his estate. Soon after his appointment, the defendant procured a general order for the sale of all the debtor's real and personal estate, and in the month of November he sold the real and personal property covered by the above mortgages, as if it were unincumbered. Both the order and the sale were without notice to the plaintiff.

At the December term in 1892, the plaintiff brought a petition to foreclose the real estate mortgage, and obtained a decree thereon dated January 13, 1893. The decree was taken for the principal of the note only, with interest on the amount of the decree from its date to the time of payment. A default in payment occurred April 1, 1893, and the plaintiff took possession of the premises on the 8th of April. In the same month, the plaintiff placed the chattel mortgage in the hands of an officer for foreclosure, and the officer thereupon demanded of the defendant the unpaid interest on the note described in the real estate mortgage, or a delivery of the mortgaged chattels. Neither demand being complied with, this suit in trover was brought.

The statute provides that the assignee of an insolvent debtor may require the sale of property upon which a creditor has a mortgage, and that it shall be sold under the order of the court and in such manner as the judge shall direct. R. L., 1802; *International Trust Co.* v. *West Rutland Marble Co.*, 63 Vt. 326. A sale under this provision is a disposition of property upon which the creditor has a valid mortgage notwithstanding the adjudication of insolvency, and from which he is to receive full payment, if the net proceeds of the sale are sufficient. If a sale is to be had, the manner of the sale is an open question, to be determined by the judge in making the order. This is a matter upon which

the mortgagee has a right to be heard, and notice to him is therefore essential to the validity of the order.    There having been no notice in this case, the plaintiff is not affected by the sale.

The plaintiff's claim is for the unpaid interest on the mortgage note above described.    It appears that the last payment upon the note was made July 19, 1892, and that this was sufficient to pay the interest to that date and reduce the principal to four thousand two hundred seventeen dollars and sixty five cents.    The plaintiff claims that the interest unpaid is the interest on the above sum from July 19, 1892, to April 2, 1893, the day he became entitled to possession. The defendant contends that in determining the amount of unpaid interest, the computation must be carried to November 15, 1892, the end of the current year, counting from the date of the note.

The chattel mortgage merely gave the creditor additional security for interest due and to become due on the note described in the real estate mortgage.    It had no effect by way of a modification of the previous contract, and did not authorize an irregular rest in computing the interest.    The finding that at the time of making the last payment, July 19, 1892, a computation was made showing the balance then due, is not sufficient to establish a new principal.    The defendant is entitled to have the interest determined upon the basis of a computation carried to November 15, 1892.

The giving of this chattel mortgage was in effect an agreement that the interest might be treated as a separate demand for the purpose of realizing upon the different securities.    The plaintiff was therefore entitled to take a decree for the principal of the debt, leaving the interest to be collected by means of the chattel mortgage.    But he took a decree, not only for the principal, but for the interest to accrue upon the amount of the decree from its date to the time of payment.    The defendant claims that the plaintiff, by taking

his decree in this form and afterwards taking possession of the premises, has precluded himself from recovering interest after the date of the decree.

The decree and the taking of possession under it did not operate as a payment of the debt beyond the value of the property. The value of the property is not reported. The burden was upon the defendant to show the extent of the payment. *Emerson* v. *Washburn*, 8 Vt. 9. It might perhaps be safe to assume that the property was sufficient to satisfy the interest, if first applied to that part of the decree. But if this would ordinarily be the application, it is not the proper application in the circumstances of this case. The creditor having only the security of the land for the principal of the debt, and a further security for the interest, the land will first be applied in satisfaction of the principal. Upon this order of application, there being nothing to show how much of the indebtedness was satisfied, the interest must be treated as unpaid.

No interest having been obtained by way of the decree, the plaintiff is entitled to recover here the interest which accrued on the balance of unpaid principal from November 15, 1892, to April 2, 1893, the day he became entitled to possession. Nothing is claimed beyond this.

*Judgment reversed and judgment for plaintiff for the second sum reported.*